UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**08 C 50008**

| | |
|---|---|
| Travelers Casualty and Surety Company of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Young Construction & Paving, LLC; Karen B. )<br>Young; Gordon T. Young; Jeffrey D. Young; )<br>Monica L. Young; Joseph Wells; Terri Wells; )<br>Luke D. Vander Bleek; and Joan L. Vander )<br>Bleek, )<br>)<br>Defendants. ) | Case No.:<br><br>Judge:<br><br>**JUDGE KAPALA**<br>**MAGISTRATE JUDGE MAHONEY** |

## COMPLAINT

Travelers Casualty and Surety Company of America ("SURETY"), by and through its undersigned counsel of the law firm Hinshaw & Culbertson LLP, sets forth the following complaint against Defendant Young Construction & Paving, LLC ("YOUNG CONSTRUCTION"), Karen B. Young, Gordon T. Young, Jeffrey D. Young, Monica L. Young, Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek (collectively with YOUNG CONSTRUCTION, "INDEMNITORS"), as follows:

### PARTIES

1.  SURETY is a Connecticut corporation with its principal place of business in the City of Hartford in the State of Connecticut.

2.  Upon information and belief, Defendant Young Construction is a State of Illinois Corporation with its principal place of business located at either 24711 Emerson Road, Sterling, Illinois, 61081 or Highway 30E, Morrison, Illinois, 61270, and can be served by serving its registered agent William A. Burch located at 301 E. Main Street, Morrison, Illinois 61270.

6268229v1 838180

3.  Upon information and belief, Defendant Karen B. Young is a citizen of the State of Texas and may be served at 1215 Magnolia Dr., Carrollton, Texas 75007.

4.  Upon information and belief, Defendant Gordon T. Young is a citizen of the State of Texas and may be served at 1215 Magnolia Dr., Carrollton, Texas 75007.

5.  Upon information and belief, Defendant Jeffrey D. Young is a citizen of the State of Illinois and may be served at 537 West Palace Row, Geneseo, Illinois 61254.

6.  Upon information and belief, Defendant Monica L. Young is a citizen of the State of Illinois and may be served at 537 West Palace Row, Geneseo, Illinois 61254.

7.  Upon information and belief, Defendant Joseph Wells is a citizen of the State of Illinois and may be served at 54 Prairie Drive, Sterling, Illinois 61081.

8.  Upon information and belief, Defendant Teri Wells is a citizen of the State of Illinois and may be served at 54 Prairie Drive, Sterling, Illinois 61081.

9.  Upon information and belief, Defendant Luke D. Vander Bleek is a citizen of the State of Illinois and may be served at 504 Portland Avenue, Morrison, Illinois 61270.

10. Upon information and belief, Defendant Joan L. Vander Bleek is a citizen of the State of Illinois and may be served at 504 Portland Avenue, Morrison, Illinois 61270.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

12. Venue is proper in this Court under 28 U.S.C. §1391(a) because several Defendants reside in this District and the INDEMNITORS consented to Venue in a General Agreement of Indemnity ("Indemnity Agreement"). A copy of the Indemnity Agreement is

attached hereto as Exhibit A, the terms of which are hereby incorporated as though set forth fully herein.

## FACTS COMMON TO ALL COUNTS

13. YOUNG CONSTRUCTION entered into a construction contract with Westar Energy, Inc. ("Westar") for the performance of construction services on a project known as the Jeffrey Energy Center, Flue Gas Desulfurization Rebuild Project, Foundation and Civil Work, Westar Energy Contract No. 649360, located in Topeka, Kansas ("Project").

14. YOUNG CONSTRUCTION was required to obtain and provide a payment and performance surety bond for the Project to guarantee (a) YOUNG CONSTRUCTION's performance obligations under the contract and (b) to ensure the payment obligations of YOUNG CONSTRUCTION to its subcontractors and materialmen that it engaged for the Project, subject to the terms of the bond, the contract, and the law.

15. Pursuant to the request of YOUNG CONSTRUCTION, and as consideration for the INDEMNITORS entering into the Indemnity Agreement, SURETY, as surety, issued a payment and performance bond number 104854329 (the "Bond") to Westar as Obligee, on behalf of YOUNG CONSTRUCTION, as principal, for the Project in the penal sum of Six Million Six Hundred Ninety-Six Thousand Nine Hundred Seventy-Four and 00/100 dollars ($6,696,974.00). A copy of the Bond is attached hereto as Exhibit B, the terms of which are incorporated as though set forth fully herein.

16. As a condition for SURETY's issuance of the Bond on behalf of YOUNG CONSTRUCTION, SURETY required that the INDEMNITORS enter into an Indemnity Agreement with SURETY. The Indemnity Agreement requires the INDEMNITORS to indemnify and hold SURETY harmless, in part, from all liability under the Bond SURETY

3

issued on behalf of YOUNG CONSTRUCTION. Specifically, the Indemnity Agreement provides, in relevant part, the following:

> 3. <u>Indemnification and Hold Harmless</u>: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the property, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

*See* Indemnity Agreement, <u>Exhibit A</u>, ¶3.

17.   The Indemnity Agreement also requires the INDEMNITORS to post collateral upon SURETY's demand to cover any loss, contingent or otherwise. Specifically, Paragraph 5 of the Indemnity Agreement provides that the INDEMNITORS agree jointly and severally to pay:

> 5. <u>Collateral Security</u>: Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

*See* Indemnity Agreement, <u>Exhibit A</u>, ¶5.

18.   As of December 31, 2007, SURETY received information from the INDEMNITORS and Westar related to YOUNG CONSTRUCTION's financial ability and/or willingness to continue its performance on the PROJECT. SURETY learned that YOUNG CONSTRUCTION's insurance coverage for the Project lapsed.

4

19. Based upon the uncertainty surrounding YOUNG CONSTRUCTION's completion of the Project, SURETY requested access to YOUNG CONSTRUCTION's books and records. To date, the INDEMNITORS have failed to provide SURETY access to those books and records.

20. SURETY has contacted YOUNG CONSTRUCTION requesting adequate assurances of YOUNG CONSTRUCTION's intention to complete the Project in accordance with YOUNG CONSTRUCTION's contract with Westar. As of December 31, 2007, YOUNG CONSTRUCTION failed to provide any assurance of its intention to complete its performance of the Project. Subsequently, YOUNG CONSTRUCTION voluntarily terminated its contract with Westar for the Project. As a consequence, YOUNG CONSTRUCTION will not complete its performance on the Project.

21. YOUNG CONSTRUCTION has used bonded contract funds for purposes other than to pay Project vendors and/or complete performance of the Project. YOUNG CONSTRUCTION has therefore breached its duty to hold these funds in trust.

22. SURETY has contacted the INDEMNITORS to notify them of YOUNG CONSTRUCTION's failure to assure its completion of the Project and demanded that the INDEMNITORS indemnify and hold SURETY harmless from any pending or future claims. As of January 7, 2008, the INDEMNITORS have not indemnified SURETY and the INDEMNITORS have failed or otherwise refused to post collateral as requested by SURETY in accordance with the Indemnity Agreement.

23. SURETY has demanded that the INDEMNITORS post collateral with SURETY in accordance with the terms of the Indemnity Agreement. To date, the INDEMNITORS have failed to post collateral with SURETY.

24. SURETY has requested access to the INDEMNITORS' books and records in accordance with the terms of the Indemnity Agreement. To date, the INDEMNITORS have failed to grant SURETY access to those books and records.

25. Based upon the limited information available to SURETY, SURETY preliminarily estimates that its exposure under the performance and payment bonds (not including attorneys fees and other recoverable expenses) totals $600,000.00. SURETY faces additional potential exposure under its payment and performance bonds which may be asserted after January 8, 2008, in the form of unpaid Project vendors, among other things.

26. In order to discharge its obligations under the Bond, SURETY will be required to complete the Project on behalf of YOUNG CONSTRUCTION. Furthermore, YOUNG CONSTRUCTION's failure to complete the Project will likely give rise to claims against the Bond and/or lawsuits. In addition to the costs of completion, SURETY has incurred and will continue to incur attorneys fees and expenses.

27. YOUNG CONSTRUCTION has notified Westar that it has not paid some of the vendors which worked on the Projects. As a consequence, SURETY expects to receive bond claims from unpaid Project vendors.

## Count I
### (Breach of Contract)

1-27. SURETY adopts and re-alleges paragraphs 1 through 27 for paragraphs 1 through 27 of Count I as though fully set forth herein.

28. The INDEMNITORS are obligated to (a) indemnify and hold harmless SURETY from all losses, including interest, costs and attorneys fees incurred in connection with the Bond and in enforcing the terms of the Indemnity Agreement and (b) to post collateral to cover SURETY's contingent bond exposure and future expenses. See Exhibit A, ¶¶ 3, 5.

6268229v1 838180

29. Despite SURETY's demand, the INDEMNITORS have breached the agreement between the parties by failing and refusing to indemnify and hold SURETY harmless from the damages caused by YOUNG CONSTRUCTION's failure to complete the Project and to post collateral in the amount of SURETY's initial estimated contingent bond exposure.

30. SURETY has been damaged by the INDEMNITORS' material breach of the Indemnity Agreement in an amount to be established at trial, but in no event less than $600,000.00, not including attorneys fees, which is the current reserve amount that SURETY has set.

WHEREFORE, SURETY prays the Court enter an Order (1) providing judgment against INDEMNITORS, jointly and severally, in an amount to be established at trial, but in no event less than $600,000.00, plus costs, attorneys fees, expenses and interest; (2) requiring these Indemnitors to post collateral in the initial amount of $600,000.00, or in an amount sufficient to secure SURETY from any losses; and (3) for such further relief as the Court deems just and appropriate.

## Count II
### (Exoneration and *Quia Timet*)

1-27. SURETY adopts and re-alleges paragraphs 1 through 27 for paragraphs 1 through 27 of Count II as though fully set forth herein.

28. SURETY has demanded that YOUNG CONSTRUCTION and the INDEMNITORS indemnify and hold it harmless from YOUNG CONSTRUCTION's failure to perform on the Project, the claims asserted and to post collateral sufficient to protect SURETY's interests. The collateral SURETY has demanded is to cover its estimated loss, not including attorneys and consulting fees and expenses, in an amount to be established at trial, but in no event less than $600,000.00.

7

29. As the principal of the performance and payment bonds, YOUNG CONSTRUCTION owes SURETY the duty of exoneration, requiring YOUNG CONSTRUCTION to perform its obligation before SURETY is called upon to perform its obligations under the Bond. The Indemnity Agreement also requires the INDEMNITORS to exonerate SURETY. Despite demand, the INDEMNITORS have failed and/or refused to comply with their joint and several duties to exonerate SURETY in accordance with the Indemnity Agreement.

30. Additionally, the Indemnity Agreement requires the INDEMNITORS to place funds or other security with SURETY upon demand in an amount sufficient to cover SURETY's bond exposure. *See* Exhibit A.

31. SURETY is entitled to a remedy known as *quia timet*. This remedy secures a surety from loss when it appears that the principal is reasonably likely to fail or refuse to perform or to protect the surety from loss.

32. The INDEMNITORS have failed and refused to meet their obligations under the Indemnity Agreement by failing to indemnify SURETY and by failing to post collateral in any amount.

33. SURETY is entitled to be reimbursed for the attorneys and consulting fees it has currently paid and to be fully collateralized by the INDEMNITORS for the reserve it has set in order to discharge the Bond obligations.

34. Unless the injunctive relief requested in Count IV below is granted, the INDEMNITORS are likely to sell, transfer, dispose, lien, secure, or otherwise divest their assets from being used to discharge the INDEMNITORS' obligations to exonerate and indemnify SURETY, all to the irreparable harm of SURETY.

35. SURETY lacks an adequate remedy at law to secure its right of exoneration from the INDEMNITORS and is without a plain, speedy remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

WHEREFORE, SURETY prays the court enter an Order (1) providing judgment against INDEMNITORS, jointly and severally, in an amount to be established at trial, but in no event less than $600,000.00, plus costs, expenses, attorneys fees and interest; (2) requiring these INDEMNITORS to post collateral in the initial amount of $600,000.00, or in an amount sufficient to secure SURETY from any losses; and (3) for such further relief as the Court deems just and appropriate.

## Count III
### (Specific Performance of the Indemnity Agreement)

1-27. SURETY adopts and re-alleges paragraphs 1 through 27 for paragraphs 1 through 27 of Count III as though fully set forth herein.

28. SURETY has demanded that the INDEMNITORS indemnify and hold SURETY harmless from any and all costs resulting from the Bond it issued for the Project. As of January 8, 2008, the INDEMNITORS have failed to indemnify SURETY.

29. SURETY has requested the INDEMNITORS post collateral for the use in discharging YOUNG CONSTRUCTION's obligations under the Bond, but the INDEMNITORS have failed to honor this request.

30. Paragraph 5 of the Indemnity Agreement requires the INDEMNITORS to "deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss" and to "deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor." See Exhibit A, ¶ 5.

31. Pursuant to the Indemnity Agreement, SURETY has demanded that the Indemnitors post collateral.

32. As of January 7, 2008, the INDEMNITORS have refused or otherwise failed to post collateral with SURETY in the amount of SURETY's estimated reserve amount.

33. SURETY lacks an adequate remedy at law and will suffer irreparable harm if the relief sought is not granted.

WHEREFORE, SURETY prays the court enter an Order (1) providing judgment against INDEMNITORS, jointly and severally, in an amount to be established at trial, but in no event less than $600,000.00, plus costs, expenses, attorneys fees and interest; (2) requiring these INDEMNITORS to post collateral in the initial amount of $600,000 or in an amount sufficient to secure SURETY from any losses; and (3) for such further relief as the Court deems just and appropriate.

### Count IV
### Preliminary Injunction

1-27. SURETY adopts and re-alleges paragraphs 1 through 27 as and for paragraphs 1 through 27 of Count IV as though fully set forth herein.

28. By the express provisions of the Indemnity Agreement and by virtue of the equitable doctrines of exoneration and *quia timet*, SURETY is entitled to have the INDEMNITORS place funds or other security with it upon demand that are sufficient to cover SURETY's exposure under the Bond and its Project completion costs.

29. Unless preliminary injunctive relief is granted, SURETY will not be adequately secured for its obligations prior to resolving claims under the Bonds or incurring further Bond and Project completion expenses. Further, unless the preliminary injunctive relief is granted, the INDEMNITORS are likely to sell, transfer, dispose, lien, secrete, or otherwise divert their assets

6268229v1 838180

from being used to discharge defendants' obligations to exonerate and indemnify SURETY, all to SURETY's irreparable harm.

WHEREFORE, SURETY respectfully requests that the Court grant the following preliminary relief:

    A.    Issue an order to INDEMNITORS to Show Cause at the earliest possible date as to why the relief demanded herein should not be granted;

    B.    Issue a Preliminary Injunction, which includes the following:

        1.    Requires INDEMNITORS to place with SURETY the initial amount of $600,000.00 of funds by money, property, or liens or security interests in property, and any additional amount as determined by SURETY as security for its obligations under the bonds;

        2.    Enjoins and restrains INDEMNITORS from selling, transferring, or disposing or liening their assets and property, and further enjoins and restrains INDEMNITORS from allowing their assets and property to be liened, unless and until SURETY shall receive the funds requested in paragraph B.1 above;

        3.    Grants a lien upon all assets and property, including, realty, personalty owned by INDEMNITORS and property in which INDEMNITORS have an interest. Such lien shall secure SURETY against any loss that it may sustain under the payment bonds. Such lien shall remain in effect unless and until SURETY shall receive the funds requested in paragraph B.1 above;

        4.    Requires INDEMNITORS to indemnify and exonerate SURETY for all liabilities, losses, and expenses incurred by SURETY as a result of SURETY having executed the bonds;

    C.    Order the INDEMNITORS to pay for SURETY's costs, including reasonable attorneys' and consulting fees incurred herein;

6268229v1 838180

D.  For such other relief as this Court deems appropriate.

Respectfully submitted,

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

By: /s/ John E. Sebastian
  One of its Attorneys

James M. Allen
Hinshaw & Culbertson LLP
100 Park Avenue, P.O. Box 1389
Rockford, Illinois 61105
Telephone: 815-490-4900
Facsimile: 815-490-4901
jallen@hinshawlaw.com

John E. Sebastian
Albert L. Chollet III
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
jsebastian@hinshawlaw.com

6268229v1 838180