UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 8-CV-50008 |
| vs. | ) ) | |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD

NOW COMES RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Motion to Extend Time to Answer or Otherwise Plead as to the Complaint and Petition for Preliminary Injunction on behalf of JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, state as follows:

1.      That the undersigned firm has been contacted and will be retained by JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK.

2.      That an initial client meeting has taken place, and the undersigned attorney has familiarity with many of the facts that will be a basis for a pleading.

3.     That in good faith the undersigned attorney believes that there is a basis for an affirmative defense and/or counterclaim against the Plaintiff, Travelers Casualty and Surety Company of America.

4.     That this case is not a routine bond/surety agreement claim arising from a contractor's non-performance under the facts because:

(a)     Wells and Vander Bleek are *not corporate owners* or *investors,* but rather private individual lenders who were asked to and did sign indemnity agreements as noted in the Complaint (a circumstance analogous to a surety company requesting an outside private lender surety as a condition to issuance of the surety on a contractor performance bond);

(b)     That the investors, Joseph Wells and Luke D. Vander Bleek, at the time they loaned funds to Young Construction & Paving, LLC and at the time they signed the indemnity agreement (both of which would have been on or prior to May 15, 2007), had been tendered for their reliance a certain Reviewed Financial Statement prepared by a CPA, Roger Colmark, that materially misrepresented the assets and liabilities of Young Construction & Paving, LLC.  The asset, liability, and net worth representations in the Reviewed Statement were materially inaccurate as follows:  (1) omitted Sauk Valley Bank loan liability in the amount of $1,200,000; (2) omitted disclosure of prepaid customer contract charges estimated at $250,000 on a project where costs exceeded charges; (3) misrepresented assets by including $1,611,000 in real estate which was not owned by the LLC; and (4) overstated accounts receivable by an estimated $900,000.

5.    The Review Statement deficiencies, if included, would have shown that the LLC at the time that Wells and Vander Bleek loaned substantial sums to the company and undertook a $1 million indemnity obligation to Travelers Casualty and Surety Company of America that the Young Construction & Paving, LLC's net worth was not in excess of $700,000, but negative (insolvent) in excess of $3,200,000, which amounts to an estimated $3,900,000 misstatement.

6.    That the Travelers surety agent, Dan Curran, who sold and brokered the Travelers surety bond and who represented Travelers' interests in securing the surety and the Wells and Vander Bleek indemnity was on information and belief aware that the Reviewed Financial Statement materially misrepresented the Young Construction & Paving, LLC financial condition and that Wells and Vander Bleek relied on said Reviewed Statement.

7.    That the Travelers surety bond agent, by reason of the allegations aforesaid, was a civil co-conspirator in the scheme that was intended to induce private lenders, Joseph Wells and Luke Vander Bleek, to enter into the surety indemnity agreement set forth herein which is the basis of the Plaintiff's claims herein.

8.    That the first meeting and review of documents on this case by attorneys Robert A. Fredrickson and Jack D. Ward was on Friday, January 25, 2008.  That the lead trial attorney, Robert A. Fredrickson, will be on vacation the week of February 4, 2008, and therefore as to the Complaint is requesting an extension to answer or otherwise plead, file affirmative defenses and counterclaim until Friday, February 15, 2008.  Service of the Complaint on Vander Bleek (we believe) was January 23, 2008.

9.    That with regard to said motion for injunction, a similar extension of like time is requested.  In support of this request, the undersigned further states, in addition to what has already been set forth herein above, that the Joseph Wells and Luke Vander Bleek are businessmen who have strong ties to the Sterling area, are responsible citizens, and do not intend to transact any business in the next 30 days that would be other than routine and customary with regard to management of their assets, and that therefore any delay relative to the hearing for preliminary injunction and/or action thereon or any delay with regard to responding to the Complaint and/or petition for injunction will not prejudice the Plaintiff, Travelers Casualty and Surety Company of America.

WHEREFORE, the undersigned, Robert A. Fredrickson, prays that the Court extend the time to answer or otherwise plead to the Complaint and Motion for Injunction on behalf of defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, until February 15, 2008.

Dated this 31st day of January, 2008.

RENO & ZAHM LLP


By: _____
Robert A. Fredrickson

RENO & ZAHM LLP
BY:    ROBERT A. FREDRICKSON, #00868469
       JACK D. WARD
       MICHAEL J. SCHIRGER
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050