UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG, MONICA L. YOUNG, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK and JOAN L. VANDER BLEEK,<br><br>　　　　Defendants. | CASE NO.: 1:08-cv-50008 |

**ANSWER TO COMPLAINT**

NOW COMES the Defendants, YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG and MONICA L. YOUNG, by its attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for their response to the Complaint filed herein states as follows:

**PARTIES**

1-10.　The Defendants admit the allegations set forth in paragraph 1-10 of the Complaint.

**JUIRISDICTION AND VENUE**

11-12.　The Defendants admit the allegations set forth in paragraphs 11-12 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

13.　The Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.　The Defendants admit the allegations set forth in paragraph 14 of the Complaint.

1

15. The Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. The Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17. The Defendants admit that the Contract referenced in the Complaint contains the provision quoted in paragraph 17 of the Complaint.

18. The Defendants neither admit nor deny the allegations set forth in paragraph 18 of the Complaint for want of information.

19. The Defendants neither admit nor deny the allegations set forth in the first sentence of paragraph 19 of the Complaint, because the Complaint fails to state to whom Surety requested access to the books. The Defendants admit that they have not produced access to the books and records, but their counsel has agreed to respond to the Plaintiff's request for specific books and records.

20. The Defendants admit the allegations set forth in paragraph 20 of the Complaint.

21. The Defendants admit the allegations set forth in paragraph 21 of the Complaint.

22. The Defendants admit the allegations set forth in paragraph 22 that they have failed to post collateral as requested by Surety, but denies the other allegations set forth in paragraph 22 of the Complaint.

23. The Defendants admit the allegations set forth in paragraph 23 of the Complaint.

24. The Defendants admit that the Indemnitors have failed to grant Surety access to their books and records, but denies the other allegations set forth in paragraph 24 of the Complaint.

25.　The Defendants neither admit nor deny the allegations set forth in paragraph 25 of the Complaint in that it has no knowledge upon what "limited information available to Surety" is, nor any way of knowing how such amount set forth in paragraph 25 were determined.

26.　The Defendants admit the allegations set forth in paragraph 26 of the Complaint.

## COUNT I

### (Breach of Contract)

1-27.　The Defendants re-allege paragraphs 1-27 of their answers to the Complaint as aforesaid as answers to paragraph 1-27 of Count I of the Complaint.

28.　The Defendants admit the allegations set forth in paragraph 28 of the Complaint.

29.　The Defendants admit the allegations set forth in paragraph 29 of the Complaint.

30.　The Defendants neither admit nor deny the allegations set forth in paragraph 30 of the Complaint for want of information

WHEREFORE, the Defendants, YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG and MONICA L. YOUNG, move the Court to dismiss Count I of the Complaint.

## COUNT II

### (Exoneration and *Quia Timet*)

1-27　The Defendants hereby re-allege their answers to paragraphs 1-27 as answers to paragraphs 1-27 of the Count II of the Complaint.

28.　The Defendants admit the allegations set forth in paragraph 28 of the Complaint.

29. The Defendants admit the allegations set forth in paragraph 29 of the Complaint.

30. The Defendants neither admit nor deny the allegations set forth in paragraph 30 of the Complaint, because the document referenced by the Plaintiff speaks for itself.

31. The Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. The Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. The Defendants neither admit nor deny the allegations set forth in paragraph 33 of the Complaint, and demands strict proof thereof.

34. The Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. The Defendants deny the allegations set forth in paragraph 35 of the Complaint.

WHEREFORE, the Defendants, YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG and MONICA L. YOUNG, move the Court to dismiss Count II of the Complaint.

## COUNT III

### (Specific Performance of the Indemnity Agreement)

1-27. The Defendants hereby re-allege their answers to paragraphs 1-27 as answers to paragraphs 1-27 of the Count III of the Complaint.

28. The Defendants deny the allegations set forth in paragraph 28 of Count III of the Complaint, and further state that Surety has not provided information as to what it has paid that requires indemnification.

29. The Defendants admit that the Indemnitors have not posted collateral, but deny the other allegations set forth in paragraph 29 of the Complaint.

30. The Defendants neither admit nor deny the allegations set forth in paragraph 30 of the Complaint, because the document referenced by the Plaintiff speaks for itself.

31. The Defendants admit the allegations set forth in paragraph 31 of the Complaint.

32. The Defendants admit the allegations set forth in paragraph 32 of the Complaint.

33. The Defendants deny the allegations set forth in paragraph 33 of the Complaint.

WHEREFORE, the Defendants, YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG and MONICA L. YOUNG, move the Court to dismiss Count III of the Complaint.

## COUNT IV

### (Preliminary Injunction)

1-27. The Defendants hereby re-allege their answers to paragraphs 1-27 as answers to paragraphs 1-27 of the Count IV of the Complaint.

28. The Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. The Defendants deny the allegations set forth in paragraph 29 of the Complaint.

WHEREFORE, the Defendants, YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG and MONICA L. YOUNG, move the Court to dismiss Count IV of the Complaint.

                                                BARRICK, SWITZER, LONG,
                                                BALSLEY & VAN EVERA

                                                By:

                                                /s/Stephen G. Balsley
                                                STEPHEN G. BALSLEY

Stephen G. Balsley - 0104841
**BARRICK, SWITZER, LONG,**
 **BALSLEY & VAN EVERA**
6833 Stalter Drive
Rockford, IL 61108
Telephone: 815/962-6611
FAX: 815/962-0687

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>YOUNG CONSTRUCTION & PAVING, LLC, KAREN B. YOUNG, GORDON T. YOUNG, JEFFREY D. YOUNG, MONICA L. YOUNG, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK and JOAN L. VANDER BLEEK,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   CASE NO.: 1:08-cv-50008<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

To:    Attorney James M. Allen                  Attorney John E. Sebastian
           Hinshaw & Culbertson, LLP            Attorney Albert L. Chollet, III
           100 Park Avenue                          Hinshaw & Culbertson, LLP
           P.O. Box 1389                            222 North LaSalle, Suite 300
           Rockford, IL 61105                     Chicago, IL 60601
           jallen@hinshawlaw.com             jsebastian@hinshawlaw.com

           Attorney Robert A. Fredrickson
           Reno, Zahm, Folgate, Lindberg & Powell
           2902 McFarland Road
           Suite 400
           Rockford, IL 61107
           raf@renozahm.com

## NOTICE OF FILING

    **I HEREBY CERTIFY** that on February 15, 2008, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the United States District Court, Northern District of Illinois, for the Western Division, using the CM/ECF system, that I have served all CM/ECF Registered Participants, as reflected on the Notice of Electronic Filing and that I have served all non CM/ECF participants by mailing a copy via first-class U.S. Mail, with proper postage prepared and affixed thereon, on February 15, 2008.

                                                                 /s/Stephen G. Balsley
                                                                 STEPHEN G. BALSLEY

## PROOF OF SERVICE

    **I HEREBY CERTIFY** that on February 15, 2008, I have served all CM/ECF Registered Participants as reflected on the Notice of Electronic Filing and that I have served all non CM/ECF participants by mailing a copy via first class U.S. Mail, with proper postage prepared and affixed thereon, on February 15, 2008.

                                                                 /s/Stephen G. Balsley
                                                                 STEPHEN G. BALSLEY

Stephen G. Balsley - 0104841
**BARRICK, SWITZER, LONG,**
 **BALSLEY & VAN EVERA**
6833 Stalter Drive
Rockford, IL 61108
Telephone: 815/962-6611
FAX: 815/962-0687