UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,

            Plaintiff,

   vs.

YOUNG CONSTRUCTION & PAVING, LLC; KAREN B.
YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG;
MONICA L. YOUNG; JOSEPH WELLS; TERRI
WELLS; LUKE D. VANDER BLEEK; and JOAN L.
VANDER BLEEK,

            Defendants.

       and

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER
BLEEK; and JOAN L. VANDER BLEEK,

      Counter-Plaintiffs/Third-Party Plaintiffs,

   vs.

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,

         Counter-Defendants,

     and

TRISSEL, GRAHAM AND TOOLE, INC., a corporation,
DANIEL CURRAN, and ROGER A. COLMARK,

        Third-Party Defendants.

No. 8-CV-50008

**ANSWER, AFFIRMATIVE DEFENSE, COUNTERCLAIM,
AND THIRD PARTY CLAIM**

NOW COME the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Answer, Affirmative Defense, Counterclaim, and Third Party Claim, state as follows:

<u>ANSWER</u>

NOW COME the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Answer to Plaintiff's Complaint, state as follows:

1.    That the Defendants admit the allegations of Paragraph 1 of Plaintiffs' Complaint.

2.    That the Defendants admit the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.    That the Defendants admit the allegations of Paragraph 3 of Plaintiffs' Complaint.

4.    That the Defendants admit the allegations of Paragraph 4 of Plaintiffs' Complaint.

5.    That the Defendants admit the allegations of Paragraph 5 of Plaintiffs' Complaint.

6.    That the Defendants admit the allegations of Paragraph 6 of Plaintiffs' Complaint.

7.      That the Defendants admit the allegations of Paragraph 7 of Plaintiffs' Complaint.

8.      That the Defendants admit the allegations of Paragraph 8 of Plaintiffs' Complaint.

9.      That the Defendants admit the allegations of Paragraph 9 of Plaintiffs' Complaint.

10.     That the Defendants admit the allegations of Paragraph 10 of Plaintiffs' Complaint.

11.     That the Defendants admit the allegations of Paragraph 11 of Plaintiffs' Complaint.

12.     That the Defendants admit the allegations of Paragraph 12 of Plaintiffs' Complaint.

13.     That the Defendants admit the allegations of Paragraph 13 of Plaintiffs' Complaint.

14.     That the Defendants admit the allegations of Paragraph 14 of Plaintiffs' Complaint.

15.     That the Defendants admit the allegations of Paragraph 15 of Plaintiffs' Complaint, and in further answering state that Young Construction requested Luke Vander Bleek and Joseph Wells and their respective spouses to indemnify Travelers as a condition to Travelers issuing the surety bond requested by Young Construction, and in so doing, the Travelers surety bond sales agent, Trissel, Graham and Toole, Inc., and specifically the agent, Daniel Curran, provided Defendants with a reviewed financial statement of condition

of Young Construction that Curran knew materially misrepresented the net worth/financial condition of Young Construction by overstating said net worth by the sum of $3.8 million.

16.    That the Defendants admit the allegations of Paragraph 16 of Plaintiffs' Complaint, but in further answering state that Travelers was aware through its broker and agent, Trissel, Graham and Tool, Inc. and Curran, that the Young Construction net worth was materially misstated and that thereby the risk to Luke Vander Bleek and Joseph Wells and their respective spouses was substantially and materially greater than the financial disclosure by Colmark on behalf of Young.

17.    That the Defendants admit that the indemnity agreement states what is represented by the Plaintiffs in Paragraph 17 of Plaintiffs' Complaint, but said obligations were conditioned upon the Young reviewed statement presented by the CPA and the bond agent being accurate.

18.    That the Defendants have insufficient knowledge to admit or deny the allegations of Paragraph 18 of Plaintiffs' Complaint and therefore demand strict proof thereof.

19.    That the Defendants have insufficient knowledge to admit or deny the allegations of Paragraph 19 of Plaintiffs' Complaint and therefore demand strict proof thereof.

20.    That the Defendants have insufficient knowledge to admit or deny the allegations of Paragraph 20 of Plaintiffs' Complaint and therefore demand strict proof thereof.

21.    That the Defendants admit the allegations of Paragraph 21 of Plaintiffs' Complaint.

22.    That the Defendants admit the allegations of Paragraph 22 of Plaintiffs' Complaint, and in further answering state that the underlying validity of the indemnity agreement is contested (see Counterclaim, Affirmative Defenses, and Third Party Complaint) and that indemnitors would have no obligation whatsoever if the indemnity agreement itself is invalid and unenforceable.

23.    That the Defendants admit the allegations of Paragraph 23 of Plaintiffs' Complaint.

24.    That the Defendants deny that the Plaintiffs are entitled to the indemnitors' books and records inasmuch as the underlying indemnity agreement is not enforceable.

25.    That the Defendants have insufficient knowledge to admit or deny the allegations of Paragraph 25 of Plaintiffs' Complaint and therefore demand strict proof thereof.

26.    That the Defendants have insufficient knowledge to admit or deny the allegations of Paragraph 26 of Plaintiffs' Complaint and therefore demand strict proof thereof.

27.    That the Defendants admit the allegations of Paragraph 27 of Plaintiffs' Complaint.

COUNT I

28.    That the Defendants admit that the indemnity agreement has certain obligations as claimed by the Plaintiffs but that the enforceability of said agreement is in question per the Affirmative Defenses, Counterclaim, and Third Party Complaint.

29.    That the Defendants deny the allegations of Paragraph 29 of Count I of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

30.    That the Defendants deny the allegations of Paragraph 30 of Count I of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

WHEREFORE, the Defendants pray:

1.    That the Court enter an order granting judgment in favor of the Defendants with costs to the Plaintiffs;

2.    That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.    That the Court grant such further and other relief as is fair and equitable.

## COUNT II

28.    That the Defendants admit that the indemnity agreement has certain obligations as claimed by the Plaintiffs but that the enforceability of said agreement is in question per the Affirmative Defenses, Counterclaim, and Third Party Complaint.

29.    That the Defendants deny the allegations of Paragraph 29 of Count II of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

30.    That the Defendants deny the allegations of Paragraph 30 of Count II of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

31.    That the Defendants deny the allegations of Paragraph 31 of Count II of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

32.    That the Defendants deny the allegations of Paragraph 32 of Count II of Plaintiffs' Complaint inasmuch as the agreement itself is unenforceable.

33.    That the Defendants deny the allegations of Paragraph 33 of Count II of Plaintiffs' Complaint.

34.    That the Defendants deny the allegations of Paragraph 34 of Count II of Plaintiffs' Complaint.

35.    That the Defendants deny the allegations of Paragraph 35 of Count II of Plaintiffs' Complaint.

WHEREFORE, the Defendants pray:

1.    That the Court enter an order granting judgment in favor of the Defendants with costs to the Plaintiffs;

2.    That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.    That the Court grant such further and other relief as is fair and equitable.

COUNT III

28.    That the Defendants admit that the indemnity agreement has certain obligations as claimed by the Plaintiffs but that the enforceability of said agreement is in question per the Affirmative Defenses, Counterclaim, and Third Party Complaint.

29.    That the Defendants admit that they have made the claim set forth herein but deny that the Defendants are obligated to perform under the indemnity agreement for the reasons set forth in this Answer, the Affirmative Defenses, the Counterclaim, and the Third Party Complaint.

30.    That the Defendants admit that they have made the claim set forth herein but deny that the Defendants are obligated to perform under the indemnity agreement for the

reasons set forth in this Answer, the Affirmative Defenses, the Counterclaim, and the Third Party Complaint.

31.    That the Defendants admit that Plaintiffs have made the claim set forth but deny that the Defendants are obligated to perform under the indemnity agreement for the reasons set forth in this Answer, the Affirmative Defenses, the Counterclaim, and the Third Party Complaint.

32.    That the Defendants admit that they have made the claim set forth herein but deny that the Defendants are obligated to perform under the indemnity agreement for the reasons set forth in this Answer, the Affirmative Defenses, the Counterclaim, and the Third Party Complaint.

33.    That the Defendants deny the allegations of Paragraph 33 of Count III of Plaintiffs' Complaint.

WHEREFORE, the Defendants pray:

1.    That the Court enter an order granting judgment in favor fo the Defendants with costs to the Plaintiffs;

2.    That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.    That the Court grant such further and other relief as is fair and equitable.

COUNT IV

28.    That the Defendants admit that the indemnity agreement has certain obligations as claimed by the Plaintiffs but that the enforceability of said agreement is in question per the Affirmative Defenses, Counterclaim, and Third Party Complaint.

29.     That the Defendants admit that they have made the claim set forth herein but deny that the Defendants are obligated to perform under the indemnity agreement for the reasons set forth in this Answer, the Affirmative Defenses, the Counterclaim, and the Third Party Complaint.

WHEREFORE, the Defendants pray:

1.     That the Court enter an order granting judgment in favor fo the Defendants with costs to the Plaintiffs;

2.     That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.     That the Court grant such further and other relief as is fair and equitable.

## AFFIRMATIVE DEFENSE

NOW COME the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Affirmative Defense to Plaintiff's Complaint, state and allege as follows:

1.     That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2.     That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, is a company that issued the surety bond in question and is the

insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC and specifically the Westar project related thereto.

3.    That the Third-Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4.    That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

5.    That Third-Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

6.    That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative insolvent position of in excess of $3 million.

7.    That attached hereto as Exhibit 1 is the letter of Colmark representation and attached as Exhibit 2 is the CPA reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

8.    That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

(a)    That said statement omitted disclosure of a bank loan;

(b)    That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

(c)    That said statement incorrectly included real estate not owned by the company; and

(d)    That said statement overstated accounts receivable.

9.    That if the errors and omissions set forth in 8(a) through (d) were factored into the Young reviewed statement, there would be a resulting change of a negative $3,961,000.

10.    Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

-11-

11.    That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers for materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young non-performance of the Westar contract.

WHEREFORE, the Defendants pray:

1.    That the Court enter an order granting judgment in favor of the Defendants with costs to the Plaintiffs;

2.    That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.    That the Court grant such further and other relief as is fair and equitable.

<u>COUNTERCLAIM</u>

NOW COME the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Counterclaim against the Plaintiff/ Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, state and allege as follows:

1.      That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2.      That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC and specifically the Westar project related thereto.

3.      That the Third Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4.      That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

5.    That the Third Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

6.    That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative insolvent position of in excess of $3 million.

7.    That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

8.    That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

(a)    That said statement omitted disclosure of a bank loan;

(b)    That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

(c)    That said statement incorrectly included real estate not owned by the company; and

(d)    That said statement overstated accounts receivable.

9.    That if the errors and omissions set forth in 8(a) through (d) were factored into the Young reviewed statement, there would be a resulting change of a negative $3,961,000.

-14-

10.     Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

11.     That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers and are materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of collateral suffered by Vander Bleek and Wells as a result of the Young non-performance of the Westar contract.

WHEREFORE, the Defendant/Counter-Plaintiffs pray:

1.     That the Court enter an order granting judgment in favor of the Defendants with costs to the Plaintiffs;

2.     That the Court determine that the claimed indemnity agreement is void and unenforceable;

3.    That the Court grant such further and other relief as is fair and equitable.

<u>THIRD-PARTY CLAIM</u>

COUNT I

NOW COME the Defendants/Third-Party Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Third-Party Claim against the Third-Party Defendants, TRISSEL, GRAHAM AND TOOLE, INC., a corporation, and DANIEL CURRAN, state and allege as follows:

1.    That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2.    That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC and specifically the Westar project related thereto.

3.    That the Third-Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers

-16-

Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4.      That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

5.      That Third-Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

6.      That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative insolvent position of in excess of $3 million.

7.      That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

8.      That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

(a)      That said statement omitted disclosure of a bank loan;

(b)    That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

(c)    That said statement incorrectly included real estate not owned by the company; and

(d)    That said statement overstated accounts receivable.

9.    That if the errors and omissions set forth in 8(a) through (d) were factored into the Young reviewed statement, there would be a resulting change of a negative $3,961,000.

10.    Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

11.    Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the

-18-

knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

12.     That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers for materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young non-performance of the Westar contract.

WHEREFORE, the Defendant/Counter-Plaintiffs pray:

1.     That the Court determine that the claimed indemnity agreement is void and unenforceable; or alternatively enter judgment against Travelers, Trissel, and Curran in the sum of the indemnity, namely $1 million;

2.     That the Court grant such further and other relief as is fair and equitable.


## COUNT II

NOW COME the Defendants/Third-Party Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Third-Party Claim against the Third-Party Defendant, ROGER A. COLMARK, state and allege as follows:

1.    That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2.    That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC and specifically the Westar project related thereto.

3.    That the Third-Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4.    That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

5.    That Third-Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

6.    That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative insolvent position of in excess of $3 million.

7.    That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

8.    That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

(a)    That said statement omitted disclosure of a bank loan;

(b)    That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

(c)    That said statement incorrectly included real estate not owned by the company; and

(d)    That said statement overstated accounts receivable.

9.    That if the errors and omissions set forth in 8(a) through (d) were factored into the Young reviewed statement, there would be a resulting change of a negative $3,961,000.

-21-

10.    Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

11.    Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

12.    That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers for materially relevant to the damages reasonably occurring as a result of the construction default by

Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young non-performance of the Westar contract.

12.    That as a direct and proximate cause of the negligence of Roger A. Colmark, the Plaintiffs, Luke Vander Bleek and Joseph Wells, suffered damages pursuant to the indemnity agreement of $1 million and pursuant to the loss of loaned funds to Young in the amount of $1 million.

WHEREFORE, the Defendant/Third-Party Plaintiffs pray:

1.    That the Court enter an order granting judgment in favor of Luke Vander Bleek and Joseph Wells against Roger A. Colmark in the sum of $2,000,000 plus costs of suit;

2.    That the Court grant such further and other relief as is fair and equitable.

Dated this _15th_ day of February, 2008.

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By:    RENO & ZAHM LLP

**DEFENDANTS, COUNTER-PLAINTIFFS, AND THIRD PARTY PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

By: _[signature]_

Robert A. Fredrickson

RENO & ZAHM LLP
BY:    ROBERT A. FREDRICKSON, #00868469
        JACK D. WARD, #3125783
        MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br>                Defendants.<br><br>     and<br><br>JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br><br>    Counter-Plaintiffs/Third-Party Plaintiffs,<br><br>  vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>          Counter-Defendants,<br><br>  and<br><br>TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK,<br><br>         Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 8-CV-50008<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEMAND FOR A JURY

The Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs in the above-entitled cause demand a jury for the trial of said cause.

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By:     RENO & ZAHM LLP

By: _____
        Robert A. Fredrickson

RENO & ZAHM LLP
BY:     ROBERT A. FREDRICKSON, #00868469
        JACK D. WARD, #3125783
        MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

-2-

*Roger A. Colmark*

CERTIFIED PUBLIC ACCOUNTANT
210 E. 3RD ST. • STERLING, ILINOIS 61081

Ph: 815-626-8600
800-982-3192
Fax: 815-626-9268
e-mail: colmark@essex1.com

### Independent Accountant's Report

To the Partners
Young Construction & Paving, L.L.C.
Sterling, Illinois

   We have reviewed the accompanying balance sheet of Young Construction
and Paving, L.L.C., as of December 31, 2006, and the related statements of income,
partners' equity, and cash flows for the year then ended, in accordance with
standards established by the American Institute of Certified Public Accountants.
All information included in these financial statements is the representation
of the owners of Young Construction and Paving, L.L.C.

   A review consists principally of inquiries of company personnel and
analytical procedures applied to financial data. It is substantially less
in scope than an audit in accordance with generally accepted auditing standards,
the objective of which is the expression of an opinion regarding the financial
statements taken as a whole. Accordingly, we do not express such an opinion.

   Based on our review, we are not aware of any material modifications that
should be made to the accompanying financial statements in order for them to
be in conformity with generally accepted accounting principles.

*Roger A. Colmark, CPA*

Sterling, Illinois
May 2, 2007

**EXHIBIT**
**1**

Statement 1

Young Construction & Paving, L.L.C.
Balance Sheet
December 31, 2006 and 2005

Assets

|  | 2006 | 2005 |
|---|---|---|
| **Current Assets** | | |
| Cash on hand and in bank | $ 0.00 | $ (3,262.59) |
| Accounts receivable (Note 2) | 890,885.90 | 1,468,353.03 |
| Note receivable - employee | 13,287.49 | 16,328.70 |
| Retainage | 460,465.12 | 152,598.11 |
| Excess profit over cost on contracts in progress | 53,225.00 | 0.00 |
| Advances and deposits | 5,180.00 | 3,300.00 |
| **Total Current Assets** | $ 1,223,043.51 | $ 1,637,317.25 |
| **Capital Assets** | | |
| Land, Buildings & Equipment (Note 3) | 1,611,206.86 | 1,344,689.45 |
| **Total Assets** | $ 2,834,250.37 | $ 2,982,006.70 |
| | | |
| **Liabilities and Partners' Equity** | | |
| **Current Liabilities** | | |
| Accounts payable | $ 1,191,041.33 | $ 1,393,229.97 |
| Accrued expenses | 53,096.21 | 47,023.60 |
| Note payable, current portion (Note 4) | 465,401.31 | 762,574.03 |
| **Total Current Liabilities** | $ 1,709,538.85 | $ 2,202,827.60 |
| **Long-term Liabilities** | | |
| Note payable, long-term portion (Note 4) | 416,166.86 | 566,739.44 |
| **Total liabilities** | $ 2,125,705.71 | $ 2,769,567.04 |
| **Partners' Equity** | | |
| Partner's capital – Jeff Young | $ 326,023.89 | $ 67,122.24 |
| Partner's capital - Gordon Young | 382,520.77 | 145,317.42 |
| **Total partners' equity** | $ 708,544.66 | $ 212,439.66 |
| **Total Liabilities and Capital** | $ 2,834,250.37 | $ 2,982,006.70 |

See Accountants' Review Report.



EXHIBIT

2

Statement 2

**Young Construction & Paving, L.L.C.**
**Statement of Partners' Equity**
**For the Year Ended December 31, 2006 and 2005**

| | 2006 | 2005 |
|---|---|---|
| Partners' Equity, January 1, | $ 212,439.66 | $ 908,058.60 |
| Net Income (Loss) (Statement 3) | 426,779.79 | (445,214.40) |
| Additions and (distributions) | 69,325.21 | (250,404.54) |
| Partners' Equity, December 31, (Statement 1) | $ 708,544.66 | $ 212,439.66 |

See Accountants' Review Report.

Statement 3

Young Construction & Paving, L.L.C.
Statement of Income
For the Year Ended December 31, 2006 and 2005

| | | 2006 | | 2005 |
|---|---|---|---|---|
| Sales | $ | 6,780,184.72 | $ | 5,962,079.53 |
| Cost of Sales (Schedule A) | | 6,059,839.20 | | 5,656,623.99 |
| Gross Profit | $ | 720,345.52 | $ | 305,455.54 |
| **Operating Expenses** | | | | |
| Advertising | $ | 229.13 | $ | 1,255.52 |
| Administrative expense | | 0.00 | | 4,118.21 |
| Bad debts | | 0.00 | | 100,000.00 |
| Bank Charges | | 49.52 | | 4,613.74 |
| Depreciation | | 224,426.84 | | 147,987.83 |
| Freight and delivery | | 0.00 | | 5,037.77 |
| Insurance | | 3,300.74 | | 0.00 |
| Miscellaneous | | 0.00 | | 321.12 |
| Office expense | | 28.22 | | 13,673.16 |
| Other fees | | 40.22 | | 0.00 |
| Professional fees | | 6,776.00 | | 23,544.18 |
| Repairs and maintenance | | 0.00 | | 10,921.64 |
| Supplies | | 12,424.23 | | 3,365.42 |
| Telephone | | 0.00 | | 17,642.98 |
| Travel and entertainment | | 0.00 | | 8,262.70 |
| Utilities | | 703.18 | | 16,452.37 |
| Wages | | 747.70 | | 297,334.54 |
| Total Operating Expense | $ | 248,723.78 | $ | 654,531.18 |
| Income (Loss) from Operations | $ | 471,621.74 | $ | (349,075.64) |
| **Other Income and (Expenses)** | | | | |
| Gain (Loss) on sale | $ | (16,609.55) | $ | 0.00 |
| Interest income | | 0.00 | | 1,000.00 |
| Other income | | 1.00 | | 4,314.73 |
| Interest expense | | (28,233.40) | | (101,453.49) |
| Total other income and expenses | $ | (44,841.95) | $ | (96,138.76) |
| Net Income (Loss) (Statement 2) | $ | 426,779.79 | $ | (445,214.40) |

See Accountants' Review Report.

Statement 4

Young Construction & Paving, L.L.C.
Statement of Cash Flows
For the Year Ended December 31, 2006 and 2005

| | | 2006 | | 2005 |
|---|---|---|---|---|
| **Cash flows from operating activities:** | | | | |
| Net Income (Loss) | $ | 426,779.79 | $ | (445,214.40) |
| Adjustments to reconcile net income to net cash provided by operating activities: | | | | |
| Depreciation | $ | 224,426.84 | $ | 147,987.83 |
| Loss on sale of equipment | | 16,609.55 | | 0.00 |
| (Increase) decrease in accounts receivable | | 777,467.13 | | 1,186,118.07 |
| (Increase) decrease on estimated gross profit | | (53,225.00) | | 0.00 |
| (Increase) decrease in note receivable | | 3,041.21 | | 5,865.93 |
| (Increase) decrease in retainage | | (307,867.01) | | (152,598.11) |
| (Increase) decrease in advances & deposits | | (1,880.00) | | 1,305.44 |
| Increase (decrease) in accounts payable | | (202,188.64) | | 339,778.38 |
| Increase (decrease) in accrued expenses | | 6,072.61 | | (23,909.58) |
| Total Adjustments | $ | 462,456.69 | $ | 1,504,547.96 |
| Net cash provided by operations | $ | 889,236.48 | $ | 1,059,333.56 |
| **Cash flows from investing activities:** | | | | |
| Proceeds from sale of equipment | | 47,394.01 | | 0.00 |
| Purchase of property, plant & equipment | | (554,947.81) | | (864,645.38) |
| Partners additions and (disbursements) | | 69,325.21 | | (250,404.54) |
| **Cash flows from financing activities:** | | | | |
| Increase (decrease) in notes | | (447,745.30) | | 142,379.49 |
| Net decrease in cash | $ | 3,262.59 | $ | 86,663.13 |
| Cash at beginning of year | | (3,262.59) | | (89,925.72) |
| Cash at end of year (Statement 1) | $ | (0.00) | $ | (3,262.59) |

See Accountants' Review Report.

Schedule A

**Young Construction & Paving, L.L.C**
**Schedule of Cost of Sales**
**For the Year Ended December 31, 2006 and 2005**

|  | | 2006 | | 2005 |
|---|---|---|---|---|
| **Cost of Sales** | | | | |
|  | | | | |
| Building supplies | $ | 1,654,230.49 | $ | 2,629,899.84 |
| Equipment Rent | | 530,459.11 | | 301,001.78 |
| Insurance | | 0.00 | | 246,204.01 |
| Contract Labor | | 1,337,476.17 | | 1,243,083.12 |
| Overhead Expense | | 194,519.52 | | 0.00 |
| Repairs and Maintenance | | 0.00 | | 36,322.24 |
| Supplies | | 0.00 | | 5,328.57 |
| Wages | | 2,343,153.91 | | 1,194,784.43 |
|  | | | | |
| Total cost of sales (Statement 3) | $ | 6,059,839.20 | $ | 5,656,623.99 |

See Accountants' Review Report.

Young Construction & Paving, L.L.C.
Notes to Financial Statements
<u>For Year Ended December 31, 2006</u>

Note 1·  Summary of Significant Accounting Policies

*Nature of Operations.*
Young Construction & Paving, LLC is engaged in the construction of buildings.

*Basis of Financial Statement Presentation.*
The company prepares its financial statements on the accrual basis
of accounting

*Inventories.*
Inventories are valued at the lower of cost or market.  Cost is generally
determined on a first-in first-out basis.

*Property, Plant, and Equipment.*
Property, plant and equipment are recorded at cost less depreciation and
amortization.  Depreciation and amortization are primarily accounted for on the
straight-line method based on estimated useful lives.  Betterments and large
renewals which extend the life of the asset are capitalized whereas maintenance
and repairs and small renewals are expensed as incurred.

*Income Taxes.*
This company operates as a limited liability company (LLC) and therefore all
state and federal income taxes are paid by the shareholder on their personal return.

*Estimates.*
The preparation of financial statements in conformity with generally accepted
accounting principles requires management to make estimates and assumptions
that affect the reported amounts of assets and liabilities and disclosure of
contingent assets and liabilities at the date of the financial statements and the
reported amounts and expenses during the reporting period.  Actual results could
differ from those estimates.

Note 2:  Accounts Receivable

Accounts receivable is comprised of the following:

Construction Projects                                          $        690,885.90

Credit is extended to customers only after an evaluation of the customer's
financial condition and generally, collateral is not required.

Young Construction & Paving, L.L.C.
Notes to Consolidated Financial Statements
For Year Ended December 31, 2006

Note 3:  Property, Plant, and Equipment

Property, plant and equipment is comprised of the following:

| | | |
|---|---|---:|
| Building & Improvements | $ | 521,139.54 |
| Equipment | | 1,526,406.66 |
| Total | $ | 2,047,546.20 |
| Less: Accumulated Depreciation | | (436,339.34) |
| Net property, plant & equipment | $ | 1,611,206.86 |

Note 4:  Notes Payable

Notes payable consists of the following:

| | Current | Long Term | Total |
|---|---:|---:|---:|
| **Sauk Valley Bank** Interest only payments at 8%. Loan matures 6/20/06. Loan is secured by inventory and accounts receivable. | $ 366,972.56 $ | 0.00 $ | 366,972.56 |
| **Caterpillar Financial** Monthly payments are $960.38 at 2.88%. Loan is secured by Cat Skid Loader | 11,163.00 | 9,852.65 | 21,015.65 |
| Huntington Nat'l Bank | 13,070.75 | 0.00 | 13,070.75 |
| **Citicapital** Monthly payments are $2,689.65 at 8.58% interest.  Loan matures 6/7/08. Loan is secured with excavator and drum roller | 20,756.00 | 113,382.20 | 134,138.20 |
| **Sauk Valley Bank** Monthly payments are $2,240.19 at 7.5% interest.  Loan matures 5/7/11.  Loan is secured with real estate and building in Emerson | 9,262.00 | 225,668.45 | 234,930.45 |
| **Marshall Equipment** Purchase of three dump trailers | 9,000.00 | 20,600.00 | 29,600.00 |
| **Metrobank** Monthly payments are $788.32 at 7.25%. Loan is secured by 1999 Peterbilt tractor. | 8,523.00 | 4,387.87 | 12,910.87 |
| **Citi Corp** Monthly payments are $2,689.65 at 8.58%. Loan is secured by roller and mack truck | 26,654.00 | 42,275.69 | 68,929.69 |
| Total Notes Payable | $ 465,401.31 $ | 416,166.86 $ | 881,568.17 |

Young Construction & Paving, L.L.C.
Notes to Consolidated Financial Statements
For Year Ended December 31, 2006

Note 5:  Fair Values of Financial Instruments

The following methods and assumptions were used to estimate the fair value of financial instruments:

*Cash and Cash Equivalents.*
The carrying amount reported in the balance sheet for cash and cash equivalents approximates its fair value

*Accounts Receivable and Accounts Payable.*
The carrying amount of accounts receivable and accounts payable in the balance sheet approximates fair value.

*Short-Term and Long-Term Debt.*
The carrying amount of the revolving credit facility approximates fair value.

Schedule 1e

**Young Construction & Paving, L.L.C.**
**Contracts Completed**
**For the Year Ended December 31, 2006**

| Job# | Job Name | Contract Price — Final Contract | Cost of Construction | Gross Profit | Prior to December 31, 2005 — Revenue Earned | Cost of Construction | Gross Profit/Loss | During the Year Ended December 31, 2006 — Revenue Earned | Cost of Construction | Gross Profit/Loss | Billed | Over (Under) Billed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Completion of Prior Years Contracts** | | | | | | | | | | | | |
| 5025 | Sinclair Oil - CSBL project | $ 1,472,758 | 953,866 | $ 518,872 | 874,614 | 446,591 | 428,223 | $ 597,944 | 507,295 | $ 90,649 | $ 1,472,758 | 0 |
| 5027 | Sinclair Oil - BRU project | 634,753 | 737,326 | (102,573) | 553,014 | 523,115 | 29,839 | 81,739 | 214,211 | (132,472) | 634,753 | 0 |
| 5032 | Sinclair Oil - CCR project | 2,508,227 | 1,876,583 | 629,644 | 1,120,410 | 492,708 | 626,702 | 1,387,817 | 1,384,675 | 2,942 | 2,508,227 | 0 |
| 5033 | NAS JRB Library project | 280,232 | 434,412 | (154,180) | 30,158 | 30,158 | 0 | 250,074 | 404,254 | (154,180) | 280,232 | 0 |
| | | | | | | | 0 | 0 | 0 | 0 | | 0 |
| | | | | | | | 0 | 0 | 0 | 0 | | 0 |
| | | | | | | | 0 | 0 | 0 | 0 | | 0 |
| | Total Contracts completed from prior years | $ 4,895,970 | $ 4,004,207 | $ 891,763 | $ 2,578,397 | $ 1,493,572 | $ 1,084,825 | $ 2,317,573 | $ 2,510,835 | $ (193,062) | $ 4,895,970 | $ 0 |
| 5034 | AFF Concrete Demo project | 303,420 | 328,626 | (25,206) | 0 | | 0 | 303,420 | 328,626 | (25,206) | 303,420 | 0 |
| 6043 | AFF Concrete Foundations project | 1,982,533 | 1,513,485 | 469,048 | 0 | | 0 | 1,982,533 | 1,513,485 | 469,048 | 1,982,533 | 0 |
| 6045 | Sinclair Oil Service Contract | 23,224 | 13,823 | 9,401 | 0 | | 0 | 23,224 | 13,823 | 9,401 | 23,224 | 0 |
| | Other work | 50,735 | 40,250 | 10,485 | | | 0 | 50,735 | 40,250 | 10,485 | 50,735 | 0 |
| | | | | | | | 0 | 0 | 0 | 0 | | 0 |
| | Total Contracts Awarded and Completed for fiscal year ended December 31, 2005 | $ 2,359,912 | 1,896,164 | 463,720 | 0 $ | 0 $ | 0 $ | 2,359,912 | 1,896,104 | 463,728 | $ 2,359,912 | $ 0 |
| | Total Revenue and Cost of Construction (Completed during the year) | $ 7,255,882 | $ 5,900,391 | $ 1,355,401 | $ 2,578,397 | $ 1,493,572 | $ 1,084,825 | $ 4,677,485 | $ 4,406,619 | $ 270,666 | $ 7,255,882 | $ 0 |

See Accountants Review Report

Young Construction & Paving, L.L.C.
Contracts in Progress
For the Year Ended December 31, 2006

Schedule 1b

| Job Name | Contract Price Including | Cost of Construction | Gross Profit | Prior to December 31, 2005 Revenue Earned | Cost of Construction | Gross Profit/Loss | During the Year Ended December 31, 2006 Revenue Earned | Cost of Construction | Gross Profit/Loss | Progress Billed to Date | Under (Over) Billed | Future Work (Backlog) Remaining | to Complete | Profit (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OS Corcoran Control Hangar proj. | $ 1,724,423 | $ 1,423,000 | $ 301,423 | $ 0 | $ 0 | $ 0 | $ 477,275 | $ 416,772 | 280,503 | $ 477,275 | $ 0 | $ 1,047,148 | $ 1,006,234 | $ 40,820 |
| AFF Concrete Flatwork project | 2,246,817 | 1,948,500 | 298,317 | 0 | 0 | 0 | 1,424,424 | 1,236,247 | 190,177 | 1,372,199 | 63,225 | 821,369 | 712,233 | 109,140 |
| Total | $ 3,971,240 | $ 3,371,500 | $ 699,740 | $ 0 | $ 0 | $ 0 | $ 2,102,699 | $ 1,653,019 | 449,980 | $ 2,049,474 | $ 63,225 | $ 1,868,541 | $ 1,718,461 | $ 150,090 |
| Completion of Prior Years Contracts | $ 7,255,882 | $ 5,900,391 | $ 1,355,491 | $ 2,574,397 | $ 1,493,572 | $ 1,084,825 | $ 4,877,485 | $ 4,406,819 | 270,666 | $ 7,266,942 | $ 0 | $ 0 | $ 0 | 0 |
| Work completed on current years contracts | 3,971,240 | 2,371,500 | 699,740 | 0 | 0 | 0 | 2,102,500 | 1,653,018 | 449,980 | 2,049,474 | 63,225 | 1,868,541 | 1,718,461 | 160,000 |
| Total work completed for year ended December 31, 08 | $ 11,227,122 | $ 8,271,891 | $ 1,955,231 | $ 2,573,397 | $ 1,493,572 | $ 1,084,825 | $ 6,790,184 | $ 6,059,838 | 720,346 | $ 9,306,336 | $ 63,225 | $ 1,868,541 | $ 1,718,461 | $ 160,000 |

See Accountants Review Report

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the following:

Atty. John E. Sebastian
Atty. Albert L. Chollet, III
Hinshaw & Culbertson, LLP
222 No. LaSalle St., Suite 300
Chicago, IL  60601

Atty. James M. Allen
Hinshaw & Culbertson, LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105

by depositing the same in the United States Mails, postage prepaid, addressed as above,

at Rockford, Illinois on February 15, 2008.

_____

Subscribed and sworn to before
me on February 15, 2008.

_____
Notary Public

ROBERT A. FREDRICKSON, #412
Reno & Zahm LLP
2902 McFarland Road, Suite 400
Rockford, IL  61107
815/987-4050