UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Travelers Casualty and Surety Company of America, <br><br> Plaintiff, <br><br> v. <br><br> Young Construction & Paving, LLC; Karen B. Young; Gordon T. Young; Jeffrey D. Young; Monica L. Young; Joseph Wells; Terri Wells; Luke D. Vander Bleek; and Joan L. Vander Bleek, <br><br> Defendants. <br><br> Joseph Wells; Terri Wells; Luke D. Vander Bleek; and Joan L. Vander Bleek, <br><br> Counter-Plaintiffs / Third-Party Plaintiffs, <br><br> v. <br><br> Travelers Casualty and Surety Company of America, <br><br> Counter-Defendants, <br><br> and <br><br> Trissel, Graham and Toole, Inc.; Daniel Curran; and Roger A. Colmark, <br><br> Third-Party Defendants. | Case No.: 8-CV-50008 |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS THE COUNTER-CLAIM OF JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, AND JOAN L. VANDER BLEEK**

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), by and through its attorneys, John E. Sebastian, James M. Allen and Albert L. Chollet, III, and the law firm of Hinshaw & Culbertson LLP, hereby submits its Memorandum in Support of its Rule

6289429v1 884588

12(B)(6) Motion to Dismiss the Counter-Claim of Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek.

## INTRODUCTION

Travelers initiated the instant action for damages and injunctive relief against the Defendants/Counter-Claimants Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek (collectively, "Counter-Claimants"). Travelers' action arises out of the Counter-Claimants' breach of an Indemnity Agreement. In response to Travelers' Complaint, in an effort to side step their contractual obligations the Counter-Claimants have asserted a sensational theory that they were fraudulently induced to execute the Indemnity Agreement by Travelers and their own insurance agent and ask that this Court determine that the Indemnity Agreement is void and unenforceable. Because the Counter-Claimants have not set forth any of the elements required to plead fraud in the inducement or misrepresentation, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the Counter-Claim must be dismissed.

## FACTUAL BACKGROUND

On January 10, 2008, Travelers filed its Complaint for damages and equitable relief against the Counter-Claimants. As set forth in Travelers' Complaint, at the request of the Counter-Claimant's and others Travelers issued surety bonds on behalf of Young Construction & Paving, LLC ("Young"). The bonds were required by a contract that Young entered into for construction improvements to a project known as the Jeffrey Energy Center, Flue Gas Desulfurization Rebuild Project located in Topeka, Kansas ("Project"). Per Counter-Claimant's request, Travelers issued a payment and performance surety bond ("Bond") on Young's behalf. The Bond inured to the benefit of the Project Owner, Westar Energy, Inc. ("Westar"), and Young's subcontractors.

As consideration for the issuance of the Bond, Travelers required numerous individuals, including the Counter-Claimants, to enter into an Indemnity Agreement with Travelers. The Indemnity Agreement requires, among other things, the indemnitors to post collateral upon demand and to indemnify and hold Travelers harmless from any and all liability under the Bond that Travelers might encounter. Subsequent to the execution of the Indemnity Agreement and the issuance of the Bond, Young began its performance on the Project pursuant to Young's contract with Westar. During construction, Young voluntarily abandoned its performance, terminated its contract with Westar, and closed down its business, leaving Travelers to deal with its obligations under the Westar contract.

After receiving a claim from Westar under the performance bond and numerous claims from unpaid vendors of Young under the payment Bond, in order to discharge its obligations under the Bond, Travelers immediately commenced an investigation of its exposure to complete Young's obligations to Westar and its exposure to unpaid project vendors employed by Young.

Travelers suffered damages as a result of Young's failure to perform its obligations under the Bond. As a result of these damages, Travelers, in a manner consistent with the Indemnity Agreement, demanded that the indemnitors, including the Counter-Claimants, indemnify and hold Travelers harmless from the pending and future claims under the Bond. Additionally, Travelers demanded that the indemnitors, including the Counter-Claimants, post collateral in a manner and amount consistent with the terms of the Indemnity Agreement. As of the date that Travelers filed its Complaint in the instant litigation, the indemnitors, including the Counter-Claimants, failed to comply with their responsibilities under the Indemnity Agreement as Travelers requested. Accordingly, Travelers initiated the instant action seeking, *inter alia*, a

6289429v1 884588

preliminary injunction, specific performance of the Indemnity Agreement, and damages from the indemnitors, including the Counter-Claimants, for breach of contract.

In response to Travelers' Complaint, the Counter-Claimants admitted executing the Indemnity Agreement, however, in order to escape the reality of their undertaking, the Counter-Claimants filed a Counter-Claim against Travelers alleging that they were fraudulently induced into executing the Indemnity Agreement based on material misrepresentations of Young's financial health by Young's accountant. The pertinent allegations of the Counter-Claim are set forth as follows:

> 4.      That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc., and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the [Counter-Claimants] as part of the surety bonding transaction involving [Young] on the Westar Project.
>
> 5.      That the Third-Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to [Young].
>
> 6.      That ***Roger Colmark offered an accounting opinion*** as to the reliability of a certain statement reviewed by him of [Young] which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of [Young] from $750,000 to a negative insolvent position of in excess of $3 million.
>
> * * *
>
> 8.      That the representations in said reviewed statement were false and incorrect in one or more of the following respects: (a) That said statement omitted disclosure of a bank loan; (b) That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed; (c) That said statement incorrectly included real estate not owned by the company; and (d) That said statement overstated accounts receivable.
>
> * * *
>
> 10.     Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph

4

>Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify [Travelers] relative to a certain surety bond that Travelers issued on the Westar/[Young] contract.

Document Number 39, Counter-Claim ¶¶ 4-6, 8, 10 (emphasis added). Based on the foregoing, the Counter-Claimants requested that this Court determine the Indemnity Agreement is void and unenforceable. Despite the Counter-Claimants' clever attempt to avoid their contractual obligations to Travelers, the Counter-Claim is legally deficient.

Namely, the Counter-Claim <u>does not contain any allegation</u> that: (1) either Travelers or an agent of Travelers made the allegedly fraudulent or misleading representation; (2) Travelers prepared the financial statement of which the Counter-Claimants complain; and (3) Travelers knew that the financial statement was incorrect. The only allegation of Travelers' agent's knowledge is paragraph ten (10), wherein the Counter-Claimants allege that Travelers' limited agent Daniel Curran knew that the statement was being presented to induce the Counter-Claimants to enter into the Indemnity Agreement. Clearly, as discussed herein, the Counter-Claimants have failed to plead fraud.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the following reasons, the Counter-Claim fails to state a claim upon which relief can be granted and must be dismissed.

### STANDARD OF REVIEW

**1. RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

A Rule 12(b)(6) Motion to Dismiss presents a legal question that tests the sufficiency of the claim as asserted in the complaint. To resolve Travelers' Rule 12(b)(6) Motion, this Court must accept as true all facts alleged in the Counter-Claim. *Holman v. State of Indiana*, 211 F.3d

399, 402 (7th Cir. 2000)(citing *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)). Additionally, this Court must draw all reasonable inferences from those facts in the Counter-Claimants' favor. *Id*. Taking the foregoing into consideration, dismissal is appropriate if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### 2. PLEADING FRAUD REQUIRES COMPLIANCE WITH RULE 8 AND RULE 9 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IS SUBJECT TO A HEIGHTENED STANDARD OF PLEADING.

To state a claim for relief under the general rules of pleading, a pleading must contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The "short plain statement" must be sufficient to give notice to the defendant of the nature of the claim and the grounds upon which it rests. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The United States Supreme Court recently explained that a plaintiff has an obligation to provide the grounds for its claimed entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). This requires, according to the Court, "more than labels and conclusions" such that "a formulaic recitation of the elements of a cause of action will not do." *Id*. Thus, even though Rule 8(a)(2) does not require a heightened level of pleading, it does require "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974; *see also Killingsworth*, 507 F.3d at 618 (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616 (7th Cir. 2007)). Rule 8 sets forth the most general rules of pleadings; it provides the baseline requirements for pleading a claim.

Plaintiffs alleging fraud or mistake must not only comply with Rule 8 but they are also subject to a heightened standard for pleading. Namely, Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud or mistake." When asserting fraud, "[t]he *complaint* must allege 'the identity of the person

6

making the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Kennedy v. Vinrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003)(quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990))(emphasis in original).

## ARGUMENT

### 1. THE COUNTER-CLAIMANTS FAILED TO PLEAD FRAUD WITH SPECIFICITY AS IT RELATES TO TRAVELERS

The Counter-Claimants' Counter-Claim against Travelers is insufficient to assert a claim of fraudulent inducement. The Counter-Claim does not contain any statement alleging that Travelers, or an agent of Travelers, made any representation. Without such a representation, the Counter-Claim should be dismissed under Rule 9(b) of the Federal Rules of Civil Procedure. *See Kennedy*, 348 F.3d at 593. Indeed, the Counter-Claim fails to even meet the threshold level for pleading in Rule 8. Because the Counter-Claimants have not and cannot allege that either Travelers or an agent of Travelers made any representation to the Counter-Claimants to induce their execution of the Indemnity Agreement, the Counter-Claim does not allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp.*, 127 S.Ct. at 1974. In light of the standards set forth in the federal rules, the Seventh Circuit, and Supreme Court precedent cited *supra*, the Counter-Claim asserted must be dismissed.

### 2. THE COUNTER-CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR FRAUDULENT INDUCEMENT OR FRAUDULENT MISREPRESENTATION

Under Illinois law, fraudulent inducement of a contract renders the contract voidable at the election of the obligor. *Tower Investors, LLC v. 111 East Chestnut Consultants, Inc.*, 864 N.E.2d 927, 939 (Ill. App. Ct. 2007). This Court has previously held that, in Illinois, a complainant must demonstrate the following facts to properly assert fraudulent inducement:

7

> (1) a false *statement of material fact*; (2) known or believed to be false by the party making it; (3) intended to induce the other party to act; (4) acted upon by the other party in reliance upon the truth of the representations; and (5) damaging to the other party as a result.

*O'Connor, P.C. v. Asperger Caraher LLC*, 2006 WL 3210498, at *3 (N.D. Ill. Nov. 6 2006)(emphasis added). Although the *O'Connor* case is unreported, it is consistent with many Illinois state court opinions reaching the same conclusion and applying the same test. For example, *Tower Investors, LLC*, provided that, in order for misrepresentation to rise to the level of a fraudulent inducement of a contract:

> the party seeking to do so must establish that there was 'a *representation in the form . . . of a material fact*, made for the purpose of inducing a party to act; it must be false and known by the party making it to be false . . .; and the party to whom it is made must be ignorant of its falsity, must reasonably believe it to be true, must act thereon to his damage, and in so acting must rely on the truth of the statement.

*Tower Investors, LLC*, 864 N.E.2d at 939 (quoting *James v. Lifeline Mobile Medics*, 792 N.E.2d 461, 465 (Ill. 2003))(emphasis added). As the preceding cases demonstrate, there can be no fraudulent inducement **without first** establishing the existence of a representation or statement.

The Counter-Claim is fails to meet any of the requisite elements set forth above. The Counter-Claim fails to establish the first element of fraudulent inducement or fraudulent misrepresentation. What is alleged is that Roger Colmark, a CPA, prepared and furnished an "accounting opinion" concerning the reliability of a financial statement setting forth details concerning Young's finances. Put simply, Roger Colmark's actions have nothing to do with Travelers. Roger Colmark was not affiliated in any manner with Travelers, and the Counter-Claim contains no such allegation. Although the Counter-Claimants allege that Colmark's opinion was misleading, the Counter-Claimants do not allege that Daniel Curran, in his capacity as a limited agent for Travelers, provided or made any accounting opinion or representation to the Counter-Claimants.

The Counter-Claim is patently insufficient because it does not set forth any facts that, even viewed in the light most favorable to the Counter-Claimants, would permit this Court to conclude that Travelers or an agent of Travelers made any financial representation to the Counter-Claimants. Without establishing the most basic and primary element of fraudulent inducement and fraudulent misrepresentation, the Counter-Claim clearly fails to state a claim upon which relief can be granted against Travelers.[1]

Moreover, the Counter-Claim is also deficient because the Counter-Claimants never allege that Daniel Curran, as a limited representative of Travelers, knew that the financial information that Colmark provided was false. Instead, Paragraph ten (10) of the Counter-Claim merely asserts that Daniel Curran knew that the statements (Colmark's report) were being provided to the Counter-Claimants to induce them to sign the Indemnity Agreement. Without even considering the nonsensical context of that assertion in light of the fact that Mr. Curran was only acting as an insurance agent who was procuring a surety bond and not as an accountant who reviewed Young's financial condition, viewing these allegations in the light most favorable to the Counter-Claimants, the Counter-Claim *does not remotely contain any* allegations that Daniel Curran, acting in an agency capacity for Travelers, knew that the representations were false. Consequently, the Counter-Claim lacks yet another necessary element under Illinois law to establish a claim for fraudulent inducement or fraudulent misrepresentation: knowledge of the falsity of the representation.

By failing to properly allege two of the most basic and fundamental elements of fraudulent inducement and fraudulent misrepresentation, the Counter-Claimants have clearly

---

[1] The unreported decision of this Court in *O'Connor, P.C. v. Asperger Caraher LLC*, 2006 WL 3210498, at *3 (N.D. Ill. Nov. 6 2006), discussed *supra*, concluded that the failure to clear the "first hurdle" of "identify[ing] record evidence of some false statement of fact" was fatal to a claim of fraudulent inducement.

failed to state a claim upon which relief can be granted. Even the most liberal reading of the Counter-Claim will not rescue the pleading from its own deficiencies.

## CONCLUSION

Based on the foregoing, Travelers respectfully requests that this Court dismiss the Counter-Claim for two reasons. First, the Counter-Claim is insufficiently plead under the Federal Rules as it relates to Travelers. Second, the Counter-Claim fails to state a claim upon which relief can be granted by neglecting to allege the two most fundamental elements of a fraudulent inducement and fraudulent misrepresentation cause of action.

Respectfully submitted,

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

By: s/ James M. Allen
    One of its Attorneys

James M. Allen
Hinshaw & Culbertson LLP
100 Park Avenue, P.O. Box 1389
Rockford, Illinois 61105
Telephone: 815-490-4900
Facsimile: 815-490-4901
jallen@hinshawlaw.com

John E. Sebastian
Albert L. Chollet III
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
jsebastian@hinshawlaw.com
achollet@hinshawlaw.com