IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Travelers Casualty and Surety Company of America,<br><br>Plaintiff,<br><br>v.<br><br>Young Construction & Paving, LLC; Karen B. Young; Gordon T. Young; Jeffrey D. Young; Monica L. Young; Joseph Wells; Teri Wells; Luke D. Vander Bleek; and Joan L. Vander Bleek,<br><br>Defendants. | Case No.: 2008 C 50008 |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S BRIEF IN OPPOSITION TO DEFENDANTS' PROPOSED CASE MANAGEMENT ORDER**

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers"), by and through its undersigned counsel, HINSHAW & CULBERTSON LLP, submits this Brief in support of its request that this Court deny Defendants' proposed Case Management Order ("CMO"), and instead schedule the preliminary injunction hearing as to the collateral posting issue without delay. In further support, Plaintiff states as follows:

**I.  THE INDEMNITY AGREEMENT CLEARLY REQUIRES DEFENDANTS TO POST COLLATERAL.**

The Court should keep in mind that there really is no dispute that the Indemnity Agreement (Compl. Ex. A) requires Defendants to post collateral prior to any resolution of this case on the merits. Pursuant to the express terms of the Indemnity Agreement, all of the Indemnitors are required to indemnify Travelers against all losses in connection with any Bond and in enforcing the terms of the Indemnity Agreement. (*See* Compl. Exhibit A, Indemnity

Agreement, ¶ 3). Further, the Agreement requires the Indemnitors to deposit with the Surety, upon demand, collateral in an amount determined by Travelers. *See Id.,* ¶ 5.

Defendants do not dispute that the Agreement contains the aforementioned terms. Defendants do not deny that they signed it. Defendants do not deny that the Indemnitors lack sufficient funds to complete the Project and that Young Construction's insurance coverage for the Project lapsed. Defendants even admit that bonded funds have been used for purposes other than to pay vendors and subcontractors. *See, e.g.,* Young Ans., ¶¶ 20-22. There is also no dispute that demand has been made and that Defendants have failed and refused to post the required collateral. *See* Aff. of Kimberly Zanotta (Motion, Ex. D) Defendants do not submit counter-affidavits nor do they contest Ms. Zanotta's version of events in any way.

## II. THE LAW REQUIRES THAT THE DEFENDANTS BE HELD TO THEIR COLLATERAL POSTING OBLIGATIONS.

As Travelers set forth in its Memorandum in support of its Motion for Preliminary Injunction, courts in the Northern District of Illinois and elsewhere have consistently enforced collateral security provisions to protect sureties against future losses and expenses. (*See* Preliminary Injunction Memo at 6-10 and authorities cited therein).

To take just one recent example, in *U.S. Fidelity & Guarantee Insurance Co. v. Cler Construction Services, Inc.,* 2003 WL 1872926 (N.D.Ill. 2003), plaintiff filed a motion seeking a preliminary injunction requiring specific performance of an indemnity agreement which contained a collateral posting obligation. In deciding to grant the preliminary injunction and require the immediate posting of collateral, the court discussed the issue in terms which apply equally to this case:

> Plaintiff's claim is in the nature of a *quia timet* action. Such an action allows a court, in this situation, to impose an equitable remedy if plaintiff can show that debts are due, the principal refuses to pay them, and that, if they refuse to pay or perform, the surety will become liable. *Western Cas. and Sur. Co. v. Biggs,* 217

> F.2d 163, 165 (7th Cir. 1954). *See also* Restatement (Third) of Suretyship and Guaranty § 21(2), comments j, k and l. Moreover, such an action recognizes that any subsequently available legal relief is inadequate and that a plaintiff would suffer irreparable harm when forced to defend a lawsuit absent the contractually promised indemnity. *See United Fire & Cas. Co. v. Coggeshall Const. Co.,* 1991 WL 169147, *2 (C.D.Ill. 1991). To find otherwise would remove plaintiff from the security position for which it bargained. *See United States Fidelity & Guar. Co. v. Feibus,* 15 F. Supp.2d 579, 588 (M.D.Pa. 1998). Plaintiff is entitled to protect itself by receiving preliminary injunctive relief ordering the defendants to perform pursuant to the contract.
>
> Balancing the potential harms leads us to grant the injunction in this case. Any funds posted by the defendants can be easily returned by plaintiff if they are not needed to defend the claims or pay on the claims. If the injunction is wrongfully denied, however, plaintiff will be forced to use its own resources to defend claims against alleged defaults of the defendants despite defendants' promises to the contrary. Finally, public policy also encourages protecting the surety and specifically enforcing explicit promises.

*Id.,* 2003 WL 1873926, *2-*3. *See also, Travelers Casualty and Surety Company v. Craig Ockerlund*, et al. 2004 WL 1794915 (N.D.Ill. 2004) (over indemnitors objections that injunction constituted a prejudgment attachment, this Court granted Surety's preliminary injunction ordering the indemnitors to deposit collateral).

The same analysis applies here. Defendants' collateral posting obligations under the Agreement are clear. Moreover, they do not dispute that demand has been made upon them but that they refuse to pay or perform. Defendants also do not dispute that the funds will be held as collateral and returned to the Defendants should they prevail on the merits. As in the *Fidelity* decision and authorities cited therein, denying the preliminary injunction would deprive Plaintiff of its contractually promised indemnity, while granting the injunction merely requires the Defendants to litigate the matter on the merits with the potential for having the collateral returned if Defendants have meritorious defenses.

The Defendants' only argument is that the individual Defendants are well-established in the Sterling area and have sufficient assets to satisfy their obligations under the Agreement.

Even if those facts are true, they do not constitute grounds for excusing Defendants from their clear collateral posting obligations under the Agreement, as the aforementioned authorities have held. Plaintiff's right is to have the security posted now.

### III. DEFENDANTS' FRAUD DEFENSE IS NOT GROUNDS FOR EXCUSING THEM FROM THEIR OBLIGATION TO POST COLLATERAL.

Certain of the individual Indemnitors Defendants have raised an Affirmative Defense, Counterclaim, and Third Party claim that, *inter alia,* the Indemnity Agreement was procured by fraud because the financials for Young Construction, on which the individual Defendants allegedly relied, were inaccurate. Defendants' counsel seeks entry of a CMO which would allow Defendants to have sixty (60) days to take three depositions on the fraud claim prior to a hearing on Travelers' Motion for Preliminary Injunction for collateral posting.

The Court should reject this proposal. As an initial matter, the Third Party Complaint was only filed on February 15, 2008. The on-line docket indicates that, other than Travelers, none of the three (3) Third Party Defendants has been served and none has yet filed an appearance. No CMO should be entered until those parties are before this Court. Instead, the Court should hold the hearing on the collateral posting motion since that only involves Travelers rights vis a vis the Indemnitors. It does not involve the Third Party Defendants and it should not be delayed while they are served and file appearances.

No discovery is required as to the collateral posting issue. To the extent Defendants seek discovery as to their far-fetched fraud theory, they will have the opportunity after the collateral is posted and after the Third Party Defendants are before this Court. Plaintiff has moved to dismiss the fraud claims on the basis that the claims are factually and legally baseless. However, to deprive Plaintiff of its right to collateral based on the need to take discovery on those issues, when the other Third Party Defendants have not even been served or appeared, would allow the

4

Defendants to have the benefits of the Bonds, yet deprive Travelers of its clear right to obtain the funds **_before_** satisfying the underlying liability. *See Eakin v. Continental Bank,* 121 F.R.D. 363, 366 (N.D. Ill 1988).

One of the purposes of a preliminary injunction is to give speedy relief from irreparable injury. Wright and Miller, 11A *Federal Practice and Procedure*, § 2949 (2007) (collecting cases). In the case at bar, Plaintiff's right to a speedy hearing is particularly compelling. The provisions of the Agreement are clear. Defendants admit that demand has been made on them and that bonded funds have been used for unauthorized purposes.

Finally, should the Court decide to allow some discovery, the only discovery that should be allowed to proceed prior to the hearing on Travelers' collateral posting motion is the deposition of Daniel Curran, who is alleged to have been the surety bond sales agent for Travelers. (*See e.g.,* Answer, ¶¶ 15, 16) Should the Court order that Curran's deposition take place, Travelers requests that the deposition occur within two weeks, and that this matter be referred to Judge Kapala in the meantime for scheduling a hearing on the collateral posting motion without further delay.

The Court should also note that Defendants Young Construction and its principals are seeking to delay the hearing on the collateral posting motion by "piggybacking" on the fraud claim of the individual Indemnitors. It strains credulity for Young to argue that it has a defense under the Indemnity Agreement based on fraud in its own financial statements. They are merely seeking to delay and renege on their collateral posting obligations.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court reject the proposed CMO of the Defendants, and instead enter an Order which: (1) requires the hearing on Plaintiff's collateral posting motion to be held as soon as possible; (2) reserves discovery as to the fraud

5

issue and any other defenses until after the hearing on the collateral posting motion has occurred and the Third Party Defendants are before the Court; and (3) grants the Plaintiff such further relief as the Court deems necessary under the circumstances.

Respectfully submitted,

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**

By: HINSHAW & CULBERTSON LLP

By: s/ James M. Allen
       One of Its Attorneys

| | |
|---|---|
| James M. Allen | John E. Sebastian, ARDC # 6230240 |
| Hinshaw & Culbertson LLP | Albert L. Chollet, II, ARDC # 6292557 |
| 100 Park Avenue | Hinshaw & Culbertson LLP |
| P.O. Box 1389 | 222 N. LaSalle, Suite 300 |
| Rockford, IL 61105-1389 | Chicago, IL 60601 |
| Telephone: 815-490-4900 | Telephone: 3121-704-3000 |
| Facsimile: 815-490-4901 | Facsimile: 312-704-3001 |
| jallen@hinshawlaw.com | jsebastian@hinshawlaw.com |

70554372v1 884588