UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>)  No. 8-CV-50008<br>) |
| vs. | )<br>) |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| and | ) |
| JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | )<br>)<br>) |
| Counter-Plaintiffs/Third-Party Plaintiffs, | )<br>) |
| vs. | )<br>) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Counter-Defendants, | )<br>) |
| and | )<br>) |
| TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK, | )<br>)<br>) |
| Third-Party Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS'
REPLY TO TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S
MOTION FOR PRELIMINARY INJUNCTION**

NOW COME the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Brief in Support of Defendant's Reply to Travelers Casualty and Surety Company of America's Motion for Preliminary Injunction, state as follows:

## I. Introduction

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), has filed a Motion for Preliminary Injunction to compel defendants Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek ("Defendants") to post cash and/or collateral in an amount satisfactory to protect Travelers from loss pursuant to the Indemnity Agreement (Complaint Exhibit A). Travelers, to be entitled to a preliminary injunction, must demonstrate that: 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the Travelers will suffer without injunctive relief is greater than the harm the Defendants will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest.

## II. Facts Based on Defendants' Pleadings

1. Defendants are signatories on the Indemnity Agreement, which is attached as Exhibit A to the Complaint.

2. Travelers issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC ("Young Construction") and specifically the Westar project.

3. Third-Party Defendant, Trissel, Graham and Toole, Inc., is the insurance agency that was the authorized broker and agent for Travelers Insurance Company relative to the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4. Daniel Curran was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young Construction bond. Daniel Curran was the agent relative to all Travelers requirements, including the indemnities, obtained from the Counter-Plaintiffs (Wells and Vander Bleek) as part of the surety bonding transaction involving Young Construction on the Westar project.

5. Third-Party Defendant, Roger A. Colmark, is a private certified public accountant performing accounting services in Sterling, Illinois, and specifically with regard to Young Construction. Mr. Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative (insolvent) position of in excess of $3 million. See Answer Exhibit 1 for the letter of Colmark representation. See Exhibit 2 to Defendants' Answer for the CPA reviewed financial statement of Young Construction.

6. The representations in the statement reviewed by Mr. Colmark were false and incorrect. If the errors and omissions had been corrected, the value of Young Construction and Paving would have decreased by $3,900,000. A correct reviewed statement would

have shown Young Construction insolvent and have materially increased the risk of Defendants' surety and the Wells and Vander Bleek indemnity.

7. These reviewed statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells: to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000; to induce Luke Vander Bleek and Joseph Wells to subordinate their collateral position on $1,000,000 loans to Youngs; and to induce Luke Vander Bleek and Joseph Wells and their respective spouses to indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

8. The Vander Bleek and Wells pleadings set forth that the inaccuracies in the Colmark statement that induced Vander Bleek and Wells to sign the Travelers indemnity agreement were known to the Travelers broker/agent Curran (see ¶10 of Counterclaim). If said fact is proven, then the indemnity agreement would have been induced by misrepresentation and fraud, which misrepresentation and fraud would have been known by Dan Curran, who was the broker/agent for Travelers in said transaction. Depositions of Colmark and Curran, and the production of the Trissel, Graham insurance file, can easily address said facts and clear up whether Travelers has any likelihood of success.

### III. Standard of Review

A preliminary injunction is an extraordinary and drastic remedy, that should not be granted unless the moving party carries the burden of persuasion by a clear showing. Goodman v. Illinois Dept. of Financial and Professional Regulation, 430 F.3d 432, 437 (7th Cir. 2005). The trial court has broad discretion to issue or deny a preliminary injunction. Advent Electronics , Inc. v. Buckman, 112 F.3d 267, 274 (7th Cir. 1997).

The party seeking a preliminary injunction must demonstrate 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest. <u>St. John's United Church of Christ v. City of Chicago</u>, 502 F.3d 616, 625 (7th Cir. 2007).

### IV. Legal Argument

Travelers has not shown a reasonable probability that it would succeed in enforcing the indemnity obligation which is voidable if Curran, as Traveler's agent, knew that the Colmark statement was a material misrepresentation of the Young financial condition. Even without the depositions of Colmark or Curran, if it turns out that Trissel, Graham and Toole, Inc., the insurance brokerage company of Curran, knew from Young documents that the real estate represented on the reviewed statement was not in fact owned by Young Construction & Paving LLC and/or that Young had a substantial Sauk Valley Bank obligation that was not listed on the reviewed statement, said knowledge would then be attributed to Travelers. Trissel, Graham and Toole, Inc. files should show what was known to Curran as to the Young assets and liabilities. For example, property insurance documents showing the true ownership of Young real estate or the Sauk Valley Bank as mortgagee/security holder as to the Young assets.) Travelers may argue that Curran failed to inform Travelers' underwriting department that the Colmark statement misrepresented the Young Construction & Paving financial condition. But, as their agent, Travelers would still be bound by his misrepresentation in the inducement of the indemnity agreements if

it is proven that Curran knew from statements by Colmark or by information in the Trissel files from other Young transactions that the reviewed statement was not accurate. Travelers is not likely to succeed on the merits because the Defendants' obligation under the Indemnity Agreement is voidable due to Defendants' justifiable reliance on fraudulent or material misrepresentations known to the Travelers agent, Curran.

Travelers will not suffer irreparable harm if the injunction is denied and Travelers has an adequate remedy at law because the Defendants are well capitalized and have adequate funds to cover any obligations they may have under the Indemnity Agreement.

Whether Travelers succeeds on the indemnity agreement or whether it is voidable by the defendants, Vander Bleek and Wells, will turn on what Dan Curran knew as to the accuracy or inaccuracy of the reviewed statement at the time Wells and Vander Bleek signed the agreement. Even limited discovery should go a long way toward determining whether the Travelers' claim has merit.

## A. Likelihood of Success on the Merits

Defendants' obligation under the Indemnity Agreement is voidable based on the Defendants' justifiably reliance on fraudulent or material misrepresentations known to Travelers' agent. Restatement (Third) of Suretyship and Guaranty, § 12(1) states that "If the secondary obligor's assent to the secondary obligation is induced by fraudulent or material misrepresentation by the obligee upon which the secondary obligor is justified in relying, the secondary obligation is voidable by the secondary obligee." Thus, there are three requirements Defendants must demonstrate to make their obligations under the Indemnity Agreement voidable – (1) a fraudulent or material misrepresentation, (2) that induced Defendants to make the contract, and (3) justifiable reliance. Id. at § 12, cmt. a.

It is important to note that material misrepresentations include omissions by the obligee in certain circumstances. Specifically, the obligee's failure to disclose known facts to the secondary obligor is a material misrepresentation when, (a) prior to the secondary obligation becoming binding, the obligee knows facts that materially increase the risk beyond which the obligee has reason to believe the secondary obligor intends to assume, (b) the obligee has reason to believe these facts are unknown to the secondary obligor, and (c) the obligee has a reasonable opportunity to communicate them to the secondary obligee. Id. at § 12(3).

The accounting opinion by Colmark was a material misrepresentation for which the Defendants justifiably relied upon, and which induced the Defendants to enter into the Indemnity Agreement. The financial condition of Young Construction was an important factor in deciding to sign the Indemnity Agreement. The financial statement presented by CPA Colmark were incorrect. Had the statement been correct, the Defendants would have known that Young Construction was insolvent. The Wells/Vander Bleek affirmative defense alleges Travelers via its agent, Daniel Curran, knew the financial statement was incorrect prior to the Defendants signing the Indemnity Agreement. The fact that Young Construction was not a solvent company materially increased the risk which the Defendants intended to assume. Indeed, the Defendants would not have entered the Indemnity Agreement had they known that Young Construction was insolvent. Travelers could not reasonably believe that the Defendants intended to provide a surety to an insolvent company with a negative net worth of three million dollars. Also, Travelers, by its agent, Curran, knew that Defendants were unaware of the actual financial condition of Young Construction.

It was reasonable for the Defendants to rely on the misrepresentations concerning the financial health of Young Construction that had been reviewed by a certified public accountant.

This case is unlike surety cases in which the courts have allowed preliminary injunctions because Defendants have raised a valid defense to their obligation under the Indemnity Agreement. Travelers does not address the likelihood of success on a surety case when a colorable affirmative defense is put forth by the defendant. In this case, the Defendants have raised a valid defense to their obligation under the contract, which undoubtedly decreases Travelers' likelihood of success on the merits.

Defendants should be allowed to present evidence for the court to assess the validity and impact of their affirmative defense and counter-claims. See also Mantek Div. of NCH Corp. v. Share Corp., 780 F.2d 702, 708 (7th Cir. 1986) ("[w]here a defendant asserts a colorable defense, which if established would necessarily affect the decision of a court in equity whether to grant the preliminary injunction, the court must allow the defendant to present enough evidence for the court to assess the probable validity and impact of the defense.").

Because Defendants' obligation under the Indemnity Agreement is voidable, it cannot be determined at this juncture in the case whether Travelers will prevail on the merits of their claim. As such, Travelers has failed to demonstrate a likelihood of success on the merits and injunctive relief is improper. Furthermore, Defendants should be given the opportunity to present evidence to the court that would establish the validity and impact of their defense before this court decides whether a preliminary injunction is proper.

### B. Irreparable Harm if Injunction Denied & Adequate Remedy at Law

Travelers has failed to demonstrate that it will be irreparably harmed if the injunction is denied or that it lacks an adequate remedy at law. Travelers argues that if the court does not enforce Travelers' contractual right to specific performance, Travelers will "be forever deprived of the security arrangement to which it was entitled."

Whether or not Travelers is deprived of its security agreement does not determine whether Travelers will be irreparably harmed if the security arrangement is not initially enforced. Wells and Vander Bleek have sufficient assets to fulfil their obligations if Travelers prevails on the indemnity agreement. Vander Bleek and Wells are willing to advise both Travelers and the Court confidentially as to their financial condition to confirm that Travelers does have an adequate remedy at law.

### C. Public Policy Favors the Denial of the Motion for Preliminary Injunction

Public policy should favor allowing for the litigation of valid defenses against a contract before specific performance is granted on the contract. See e.g., Mantek Div. of NCH Corp. v. Share Corp., 780 F.2d 702, 708 (7th Cir. 1986) ("[w]here a defendant asserts a colorable defense, which if established would necessarily affect the decision of a court in equity whether to grant the preliminary injunction, the court must allow the defendant to present enough evidence for the court to assess the probable validity and impact of the defense."). Public policy would not be served by granting Travelers injunctive relief because Defendants should not have to perform under a voidable contract that was induced by fraud and/or material misrepresentations when the Travelers agent participated in the fraud and/or misrepresentations to procure the agreement.

## V. Conclusion

WHEREFORE, the Defendants, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK and JOAN L. VANDER BLEEK pray that the Court enter an order denying Plaintiff's request for preliminary injunction requiring the posting of collateral, or alternatively, deferring any hearing on said motion for preliminary injunction until after the production by Tissel, Graham & Toole Inc. of the Young files and the depositions of Colmark and Curran are completed.

Dated this 20TH day of March, 2008.

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By:   RENO & ZAHM LLP

By: _____
    Robert A. Fredrickson

RENO & ZAHM LLP
BY:   ROBERT A. FREDRICKSON, #00868469
      JACK D. WARD, #3125783
      MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the following:

Atty. John E. Sebastian
Atty. Albert L. Chollet, III
Hinshaw & Culbertson, LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

Atty. Steven Balsley
Barrick, Switzer, Long, Balsley & Van Evera
6833 Stalter Drive
Rockford, IL 61108

Atty. James M. Allen
Hinshaw & Culbertson, LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105

Mr. Roger Colmark
210 E. 3rd Street
Sterling, IL 61081

by depositing the same in the United States Mails, postage prepaid, addressed as above, at Rockford, Illinois on March 20, 2008.

_____

Subscribed and sworn to before me on the 20th day of March, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JANE BRAWNER
Notary Public, State of Illinois
My Commission Expires 09/02/09

ROBERT A. FREDRICKSON, #412
Reno & Zahm LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107
815/987-4050