AJT/REE/lc                           57067.17                          Atty. No.: 43866

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | 8-CV-50008 |
| v. | ) ) | |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFRETY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| And | ) ) | |
| JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) | |
| Counter-Plaintiffs/Third-Party Plaintiffs, | ) ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Counter-Defendants, | ) ) ) | |
| And | ) ) | |
| TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and RODGER A. COLMARK, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## ANSWER TO THIRD-PARTY COMPLAINT

1

NOW COME certain Third-Party Defendants, TRISSEL, GRAHAM AND TOOLE, INC., a corporation (hereinafter "TGT") and DANIEL CURRAN (hereinafter "Curran"), by and through their attorneys, HEPLER BROOM MACDONALD HEBRANK TRUE NOCE, LLC and for their Answer to the Third-Party Complaint of the Third-Party Plaintiffs, JOSEPH WELLS; TERRI WELLS, LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK state as follows:

## COUNT I

1. That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

**ANSWER:** Third-Party Defendants TGT and Curran admit the allegations of Paragraph 1.

2. That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC and specifically the Westar project related thereto.

**ANSWER:** Third-Party Defendants TGT and Curran admit the allegations of Paragraph 2.

3. That the Third-Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond

2

on the Westar/Young Construction project.

**ANSWER:**   Third-Party Defendant TGT states that it had an agency contract with Travelers Insurance Company, and was the attorney in fact for bonding on the Weststar/Young Construction project; and, answering further states that the address of its business location is 220 Emerson Place, and not 228 Emerson Place as set forth in Paragraph 3 of the Third-Party Complaint.

4.   That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

**ANSWER:**   Third-Party Defendants TGT and Curran admit the allegations of Paragraph 4.

5.   That Third-Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

**ANSWER:**   That Third-Party Defendants TGT and Curran, on information and belief, admit the allegations of Paragraph 5.

6.   That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving from $750,000 to a negative insolvent position of in excess of $3 million.

3

**ANSWER:** Third-Party Defendants TGT and Curran acknowledge receipt of Exhibit 1, attached to the Answer, Affirmative Defense, Counterclaim and Third-Party Claim filed by the Third-Party Plaintiffs, herein, and answering further, have insufficient knowledge upon which to form a belief as to the remaining allegations contained within Paragraph 6 of Count I of the Third-Party Complaint, and therefore, neither admit nor deny those said further allegations but demand strict proof thereof.

7. That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

**ANSWER:** Third-Party Defendants TGT and Curran acknowledge receipt of Exhibits 1 and 2 attached to the Third-Party Complaint, and answering further, have insufficient knowledge upon which to form a belief as to the truth of the remaining allegations contained within Paragraph 7 of Count I of the Third-Party Complaint, and therefore, neither admit nor deny the those said further allegations, but demand strict proof thereof.

8. That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

    (a) That said statement omitted disclosure of a bank loan;

    (b) That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

    (c) That said statement incorrectly included real estate not owned by the company; and

    (d) That said statement overstated accounts receivable.

**ANSWER:** Third-Party Defendants TGT and Curran have insufficient knowledge upon which to form a belief as to the truth of the allegations contained within Paragraph 8 of Count I of the Third-Party Complaint, including the allegations contained in subparagraphs (a) through (d), and therefore, neither admit nor deny the said allegations but demand strict proof thereof.

9. That if the errors and omissions set forth in 8(a) through (d) were factored into the Young reviewed statement, there would be a resulting change of a negative $3,961,000.

**ANSWER:** Third-Party Defendants TGT and Curran have insufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 9 of Count I of the Third-Party Complaint, and therefore, neither admit nor deny the said allegations but demand strict proof thereof.

10. Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

**ANSWER:** Third-Party Defendants TGT and Curran have insufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 10 of Count I of the Third-Party Complaint, and therefore, neither admit nor deny the said allegations but demand strict proof thereof.

11. Said statements were specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to the company of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

**ANSWER:** The allegations contained in Paragraph 11 of Count I of the Third-Party Complaint appear to be a word for word restatement of the allegations contained within Paragraph 10 of Count I of the Third-Party Complaint, and therefore, Third-Party Defendants TGT and Curran restate and incorporate by reference their response to Paragraph 10 of Count I of the Third-Party Complaint as and for their response to Paragraph 11 of Count I of the Third-Party Complaint as though fully set forth herein.

12. That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers for materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young non-performance of the Westar contract.

**ANSWER:** Third-Party Defendants TGT and Curran admit that jurisdiction on the Third-

6

Party Complaint against them is properly based on diversity, and therefore, make no response to the remaining allegations of Paragraph 12.

WHEREFORE, the Third-Party Defendants, TRISSEL GRAHAM & TOOLE, INC. and DANIEL CURRAN deny that the Third-Party Plaintiffs are entitled to judgment against them in the amount of $1,000,000.00, or for any amount, whatsoever, and further deny that the Third-Party Plaintiffs are entitled to any other further relief, and pray that judgment be entered in favor of the Third-Party Defendants, TRISSEL GRAHAM & TOOLE, INC. and DANIEL CURRAN and against the Third-Party Plaintiffs herein, with costs awarded in favor of the Third-Party Defendants.

## COUNT II

Third-Party Defendants Trissel Graham & Toole, Inc. and Daniel Curran make no response to the allegations of Count II of the Third-Party Complaint for the reason that the said allegations are not directed at Trissel Graham & Toole, Inc. and Daniel Curran, nor is relief sought from Trissel Graham & Toole, Inc. and Daniel Curran by Count II of the Third-Party Complaint.

**Third-Party Defendant, TRISSEL GRAHAM & TOOLE, INC. and DANIEL CURRAN, DEMAND TRIAL BY JURY**

Respectfully Submitted,

HEPLER BROOM MACDONALD
HEBRANK TRUE NOCE, LLC

By: _____
Anthony J. Tunney

Attorneys for Third-Party Defendants
HEPLER BROOM MACDONALD
HEBRANK TRUE NOCE, LLC
150 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 230-9100

7

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

Anthony J. Tunney, being first duly sworn on oath, deposes and says that he is the attorney for the Third-Party Defendants **TRISSEL GRAHAM & TOOLE, INC. and DANIEL CURRAN**, and that wherein it is stated that these Third-Party Defendants lack knowledge or information sufficient to form an opinion, such statements of want of knowledge are true and correct to the best of his knowledge.

_____
Anthony J. Tunney

SUBSCRIBED and SWORN to
before me this 22nd day
of April, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
LOURDES CID
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/11/2009