UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br><br>            Defendants.<br><br>and<br><br>JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br><br>    Counter-Plaintiffs/Third-Party Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>           Counter-Defendants,<br><br>and<br><br>TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK,<br><br>           Third-Party Defendants. | ) ) ) ) ) ) No. 8-CV-50008 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM**

NOW COME the Counter-Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A.

Fredrickson and Jack D. Ward, and for their Motion for Leave to File an Amended Counterclaim (a copy of which is attached), state as follows:

1. That the first pleading filed by the Defendants in this case consisted of an Answer, Third-Party Claim, and Counterclaim.

2. That Travelers Casualty and Surety Company of America has filed a rule 12(b)(6) Motion to Dismiss the Counterclaim on the basis that the Counter-Plaintiffs have not plead fraud with the specificity required by case law and Federal Rules of Civil Procedure 8 and 9.

3. That the Counter-Plaintiffs, by their attorney, move for leave to amend the Counterclaim to add additional specific allegations relating to the Travelers agent Curran's role with regard to the misrepresentations contained in the Colmark reviewed statement that were made to Luke Vander Bleek and Joseph Wells to induce loans, subordination, and indemnity obligations by said Counter-Plaintiffs, thereby rendering moot the pending Travelers Casualty and Surety Company of America 12(b)(6) motion to dismiss said Counterclaim.

WHEREFORE, the Counter-Plaintiffs pray that the Court grant them leave to file instanter the Amended Counterclaim attached hereto.

Dated this ___1st___ day of May, 2008.

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By: RENO & ZAHM LLP

RENO & ZAHM LLP
BY: ROBERT A. FREDRICKSON, #00868469
    JACK D. WARD, #3125783
    MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

By: _____
    Robert A. Fredrickson

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>)  No. 8-CV-50008 |
| vs. | )<br>) |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| and | ) |
| JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | )<br>)<br>) |
| Counter-Plaintiffs/Third-Party Plaintiffs, | ) |
| vs. | ) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Counter-Defendants, | ) |
| and | ) |
| TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK, | )<br>) |
| Third-Party Defendants. | ) |

**AMENDED COUNTERCLAIM**

NOW COME the Counter-Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A. Fredrickson and Jack D. Ward, and for their Amended Counterclaim, state as follows:

1. That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2. That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (also hereinafter referred to as "Travelers"), is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC (also hereinafter referred to as "Young Construction") and specifically the Westar project related thereto.

3. That the Third Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance Company relative to all aspects of the procurement and issuance of the Travelers surety bond on the Westar/Young Construction project.

4. That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young Construction bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

5.  That the Third Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

6.  That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving LLC from $750,000 to a negative insolvent position of in excess of $3 million.

7.  That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Bleek and Joseph Wells.

8.  That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

   (a)  That said statement omitted disclosure of a bank loan;

   (b)  That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

   (c)  That said statement incorrectly included real estate not owned by the company; and

   (d)  That said statement overstated accounts receivable.

9.  That if the errors and omissions set forth in 8(a) through (d) were factored into the Young Construction reviewed statement, there would be a resulting $3,961,000 decrease to the Young Construction net worth from the amount represented on Exhibit 2.

10. That Daniel Curran knew the reviewed statement was false in that:

(a)   He knew that Young Construction and Paving LLC did not own the real estate shown as an asset on the reviewed statement.

(b)   He knew that Young Construction and Paving LLC had a substantial loan from Sauk Valley Bank that was not shown as a liability on the reviewed statement.

(c)   He knew that Young Construction had more unpaid costs on the Lockheed job than amounts due from the customer, which was not reflected on the reviewed statement.

(d)   He knew the true Young Construction financials did not support a surety bond under Travelers underwriting standards; and that Young Construction would have to cease operations if Young Construction did not receive private loans from Wells and Vander Bleek and obtain bonding on the Westar project.

11.   That Daniel Curran was an agent of Travelers, while he was working in concert with Colmark to mislead Vander Bleek and Wells, not only with regard to their loans (and secured positions) with Young Construction but to sign the indemnity with Travelers.

12.   That at that time Vander Bleek and Wells were lending money, subordinating their secured position, and entering into an indemnity agreement (May, 2007), Curran knew that the Young Construction financial records would not support any bond on a consolidated basis. Curran suggested to Roger Colmark to come up with a statement that would at least support a bond of $3.5 million so that Curran could apply for two separate bonds to try to bond the Westar project in two phases.

13.   That Dan Curran told Roger Colmark that Travelers' underwriting department would not issue a bond for more than ten times the net worth of the company and suggested that Colmark resubmit the financial information to Curran so that Curran could

submit the financial information together with the Vander Bleek/Wells indemnities to Travelers underwriting.

14.    Said statements were specifically presented to induce both Luke Vander Bleek and Joseph Wells: to loan to Young Construction $800,000; for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on the $800,000 loan; an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement; and, to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

15.    That Colmark and Curran working together submitted the Colmark reviewed statement showing Young Construction net worth of $750,000, knowing that said reviewed statement was false and inaccurate, that it was being relied on by Wells and Vander Bleek for: $800,000 in loans to Young Construction; the subordination of the Vander Bleek and Wells security positions in Young Construction as to said $800,000 plus an additional $200,000 that had been previously loaned; and, for Wells and Vander Bleek and their respective spouses to sign the indemnity agreement.

16.    That Curran intended Young Construction to stay in business through completion of the Westar project, which was anticipated to be a profitable (in excess of $1 million) project and therefore keep Young Construction solvent because: Young Construction was a valuable insurance customer to Curran and his agency; a commission on the sale of the Travelers surety bond would be earned by Curran; and, to avoid a default on the Young Construction Lockheed project bond. That Curran was also acting

to benefit the business purposes of Travelers to sell commercial surety bonds to insurance customers such as Young Construction.

17. That to accomplish keeping Young Construction solvent, it was necessary for Colmark and Curran to induce Vander Bleek and Wells and their respective spouses to rely to their detriment on the false financial information (Exhibit 2) and thereby loan to Young Construction the additional monies, subordinate all of the monies loaned, and indemnify Travelers for a bond that should not have been issued.

18. That as a direct and proximate cause of the actions of Travelers through its agent, Curran, the Counter-Plaintiffs executed the indemnity bond, creating a $1 million indemnity exposure and loaned $800,000 to Young Construction and subordinated a $1 million secured position. The Counter-Plaintiffs' damages are the $1 million loss of the monies loaned and the secured position thereon and $1 million indemnity exposure plus costs of suit.

19. That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers and are materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction, surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of collateral suffered by Vander Bleek and Wells as a result of the Young Construction non-performance of the Westar contract.

WHEREFORE, the Defendant/Counter-Plaintiffs pray:

1. That the Court enter an order granting judgment in favor of Wells and Vander Bleek for the amount of damages proven under ¶18 herein;

2. That the Court determine that the claimed indemnity agreement is void and unenforceable;

3. That the Court grant such further and other relief as is fair and equitable.

Dated this 1st day of May, 2008.

          JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By: RENO & ZAHM LLP

By: _____
     Robert A. Fredrickson

COUNTER-PLAINTIFFS
DEMAND TRIAL BY JURY

RENO & ZAHM LLP
BY: ROBERT A. FREDRICKSON, #00868469
     JACK D. WARD, #3125783
     MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br><br>         Defendants.<br><br>and<br><br>JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK,<br><br>       Counter-Plaintiffs/Third-Party Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>         Counter-Defendants,<br><br>and<br><br>TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK,<br><br>         Third-Party Defendants. | No. 8-CV-50008 |

### JURY DEMAND

The Counter-Plaintiffs in the above-entitled cause demand a jury for the trial of said cause.

JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

By:　RENO & ZAHM LLP

By: /s/ Robert A. Fredrickson
　　　Robert A. Fredrickson

RENO & ZAHM LLP
BY:　ROBERT A. FREDRICKSON, #00868469
　　　JACK D. WARD, #3125783
　　　MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

-2-

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the following:

Atty. John E. Sebastian
Atty. Albert L. Chollet, III
Hinshaw & Culbertson, LLP
Fax 312-704-3001

Atty. James M. Allen
Hinshaw & Culbertson, LLP
Fax 815-490-4901

Atty. Steven Balsley
Barrick, Switzer, Long, Balsley & Van Evera
Fax 815-962-0687

Atty. Anthony J. Tunney
Hepler, Broom, MacDonald, Hebrank,
   True & Noce, LLC
Fax 312-230-9201

Mr. Roger Colmark
Fax 815-626-9268


by faxing the same to the above persons at the above facsimile numbers, from Rockford, Illinois on May 2, 2008.

_____
Penny Fox

Subscribed and sworn to before me on
the 2nd day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JANE BRAWNER
Notary Public, State of Illinois
My Commission Expires 03/02/09

Reno & Zahm LLP
ROBERT A. FREDRICKSON, #00868469
JACK D. WARD, #3125783
MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road, Suite 400
Rockford, IL  61107
815/987-4050