UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No.:  8-CV-50008 |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| JOSEPH WELLS; TERRI WELLS; LIKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) ) | |
| Counter-Plaintiffs / Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Counter-Defendants, | ) ) ) | |
| and | ) ) | |
| TRISSEL, GRAHAM AND TOOLE, INC.; a corporation, DANIEL CURRAN, AND ROGER A. COLMARK, | ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER TO AMENDED COUNTERCLAIM

Travelers Casualty and Surety Company of America ("Travelers"), by and through its

undersigned counsel, John E. Sebastian, James M. Allen, and Albert L. Chollet, III, of the law

firm Hinshaw & Culbertson LLP, sets forth the following Answer to the Amended Counterclaim

of Counter-Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, AND

JOAN L. VANDER BLEEK (collectively, "Counter-Plaintiffs"), as follows:

1.     That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and
JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District
of Illinois, Western Division, and are the individuals referred to as the Defendants in case
number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said
Complaint.

**ANSWER:**    Travelers admits that Joseph Wells, Terri Wells, Luke D. Vander Bleek,

and Joan L. Vander Bleek ("Counter-Plaintiffs") are signatories to the Indemnity Agreement

referred to in Travelers' Complaint.  Travelers is without sufficient knowledge to admit or deny

the remaining allegations in paragraph one, and therefore denies those allegations.

2.     That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA (also hereinafter referred to as "Travelers"), is a company that issued
the surety bond in question and is the insurance company involved in the bonding, surety on the
bond, and indemnity on the bond with regard to Young Construction and Paving, LLC (also
hereinafter referred to as "Young Construction") and specifically the Westar project related
thereto.

**ANSWER:**    In consideration for the indemnitors entering into the indemnity

agreement, Travelers admits issuing a surety bond on behalf of Young Construction and Paving,

LLC ("Young Construction") in connection with a Westar project located in Kansas.  Travelers

also admits that Young Construction is a party to the Indemnity Agreement referred to in

Travelers' Complaint.

3.     That the Third Party Defendant, TRISSEL, GRAHAM AND TOOLE, INC., is a
company having its principal place of business at 228 Emerson Place, Suite 200, Davenport,
Iowa 52801, which agency was the authorized broker and agent for Travelers Insurance
Company relative to all aspects of the procurement and issuance of the Travelers surety bond on
the Westar/Young Construction project.

**ANSWER:**    Travelers admits that Dan Curran, an employee of Trissel, Graham and

Toole, Inc., was an authorized limited agent and broker for Travelers pursuant to an Agency

Agreement. The Agency Agreement is a written document and is, itself, the best evidence of its contents and the scope of Dan Curran's limited agency on behalf of Travelers. Travelers denies the remaining allegations in this paragraph.

4.    That DANIEL CURRAN was an agent and employee of Trissel, Graham and Toole, Inc. and as such functioned as the contact agent and broker relative to procurement from Travelers of the Young Construction bond, and in so doing, Daniel Curran was the agent for Trissel, Graham and Toole, Inc. relative to all Travelers requirements, including indemnities, obtained from the Counter-Plaintiffs as part of the surety bonding transaction involving Young Construction on the Westar project.

**ANSWER:**    Travelers admits that Dan Curran, an employee of Trissel, Graham and Toole, Inc., was an authorized limited agent and broker for Travelers pursuant to an Agency Agreement. The Agency Agreement is a written document and is, itself, the best evidence of its contents and the scope of Dan Curran's limited agency on behalf of Travelers. Travelers denies the remaining allegations in this paragraph.

5.    That the Third Party Defendant, ROGER A. COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction and Paving, LLC.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph five, and therefore denies those allegations.

6.    That Roger Colmark offered an accounting opinion as to the reliability of a certain statement reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in a change of the represented net worth of Young Construction and Paving LLC from $750,000 to a negative insolvent position of in excess of $3 million.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph six, and therefore denies those allegations.

7.    That attached hereto as Exhibit 1 is the letter of representation and attached as Exhibit 2 is the reviewed financial statement of Young Construction which were the disclosures relied upon by Luke Vander Sleek and Joseph Wells.

3

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph seven, and therefore denies those allegations.

8.    That the representations in said reviewed statement were false and incorrect in one or more of the following respects:

(a)    That said statement omitted disclosure of a bank loan;

(b)    That said statement omitted disclosure of a customer prepayment less than unpaid costs on a contract that had not been completed;

(c)    That said statement incorrectly included real estate not owned by the company; and

(d)    That said statement overstated accounts receivable.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph eight, and therefore denies those allegations.

9.    That if the errors and omissions set forth in 8(a) through (d) were factored into the Young Construction reviewed statement, there would be a resulting $3,961,000 decrease to the Young Construction net worth from the amount represented on Exhibit 2.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph nine, and therefore denies those allegations.

10.    That Daniel Curran knew the reviewed statement was false in that:

(a)    He knew that Young Construction and Paving LLC did not own the real estate shown as an asset on the reviewed statement.

(b)    He knew that Young Construction and Paving LLC had a substantial loan from Sauk Valley Bank that was not shown as a liability on the reviewed statement.

(c)    He knew that Young Construction had more unpaid costs on the Lockheed job than amounts due from the customer, which was not reflected on the reviewed statement.

(d)    He knew the true Young Construction financials did not support a surety bond under Travelers underwriting standards; and that Young Construction would have to cease operations if Young Construction did not receive private loans from Wells and Vander Bleek and obtain bonding on the Westar project.

4

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph ten, and therefore denies those allegations.

11.    That Daniel Curran was an agent of Travelers, while he was working in concert with Colmark to mislead Vander Bleek and Wells, not only with regard to their loans (and secured positions) with Young Construction but to sign the indemnity with Travelers.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph eleven, and therefore denies those allegations.  Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

12.    That at that time Vander Bleek and Wells were lending money, subordinating their secured position, and entering into an indemnity agreement (May, 2007), Curran knew that the Young Construction financial records would not support any bond on a consolidated basis. Curran suggested to Roger Colmark to come up with a statement that would at least support a bond of $3.5 million so that Curran could apply for two separate bonds to try to bond the Westar project in two phases.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph twelve, and therefore denies those allegations.  Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

13.    That Dan Curran told Roger Colmark that Travelers' underwriting department would not issue a bond for more than ten times the net worth of the company and suggested that Colmark resubmit the financial information to Curran so that Curran could submit the financial information together with the Vander Bleek/Wells indemnities to Travelers underwriting.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph thirteen, and therefore denies those allegations.  Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority

6321332v1 887360

under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

14.    Said statements were specifically presented to induce both Luke Vander Bleek and Joseph Wells: to loan to Young Construction $800,000; for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on the $800,000 loan; an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement; and, to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of Daniel Curran to rely and therefore indemnify Travelers Insurance relative to a certain surety bond that Travelers issued on the Westar/Young Construction and Paving, LLC contract.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph fourteen, and therefore denies those allegations.    Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

15.    That Colmark and Curran working together submitted the Colmark reviewed statement showing Young Construction net worth of $750,000, knowing that said reviewed statement was false and inaccurate, that it was being relied on by Wells and Vander Bleek for: $800,000 in loans to Young Construction; the subordination of the Vander Bleek and Wells security positions in Young Construction as to said $800,000 plus an additional $200,000 that had been previously loaned; and, for Wells and Vander Bleek and their respective spouses to sign the indemnity agreement.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph fifteen, and therefore denies those allegations.    Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

16.    That Curran intended Young Construction to stay in business through completion of the Westar project, which was anticipated to be a profitable (in excess of $1 million) project and therefore keep Young Construction solvent because: Young Construction was a valuable insurance customer to Curran and his agency; a commission on the sale of the Travelers surety bond would be earned by Curran; and, to avoid a default on the Young Construction Lockheed project bond. That Curran was also acting to benefit the business purposes of Travelers to sell commercial surety bonds to insurance customers such as Young Construction.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph sixteen, and therefore denies those allegations. Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

17.    That to accomplish keeping Young Construction solvent, it was necessary for Colmark and Curran to induce Vander Bleek and Wells and their respective spouses to rely to their detriment on the false financial information (Exhibit 2) and thereby loan to Young Construction the additional monies, subordinate all of the monies loaned, and indemnify Travelers for a bond that should not have been issued.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph seventeen, and therefore denies those allegations. Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

18.    That as a direct and proximate cause of the actions of Travelers through its agent, Curran, the Counter-Plaintiffs executed the indemnity bond, creating a $1 million indemnity exposure and loaned $800,000 to Young Construction and subordinated a $1 million secured position. The Counter-Plaintiffs' damages are the $1 million loss of the monies loaned and the secured position thereon and $1 million indemnity exposure plus costs of suit.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph eighteen, and therefore denies those allegations. Further, Travelers demands strict proof that Dan Curran was acting within the scope of his limited agency authority under the written Agency Agreement with Travelers at all times material to and for all purposes in connection with the allegations contained herein.

19.    That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to Trissel, Graham and Toole, Inc. and based on Rule 14(a) supplemental jurisdiction inasmuch as said claims, while lacking federal question or diversity jurisdiction are part and parcel of the original claims asserted herein by Travelers and are materially relevant to the damages reasonably occurring as a result of the construction default by Young Construction,

6321332v1 887360

surety bond obligations of Travelers by virtue of the default, and/or the additional sums lost from the loan transactions and subordination of collateral suffered by Vander Bleek and Wells as a result of the Young Construction non-performance of the Westar contract.

**ANSWER:**    Travelers is without sufficient knowledge to admit or deny the allegations contained in paragraph nineteen, and therefore denies those allegations.

WHEREFORE, Counter-Defendant Travelers Insurance Company of America respectfully prays this Honorable Court enter an Order dismissing, with prejudice, the Counterclaim of the Counter-Plaintiffs Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek against Travelers, awarding Travelers its costs, fees and expenses incurred in defending these claims.

## AFFIRMATIVE DEFENSES

COMES NOW, Travelers Insurance Company of America ("Travelers") and asserts its Affirmative Defenses in response to the allegations set forth in the Amended Counterclaim of the Counter-Plaintiffs Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek ("Counter-Plaintiffs") as follows:

1.    Travelers is a Connecticut corporation in the business of issuing surety bonds on behalf of contractors for the performance of construction contracts.

2.    Travelers issued a surety bond on behalf of Young Construction & Paving LLC ("Young Construction") in connection with Young Construction's construction contract with Westar Energy, Inc. ("Westar") for the performance of construction services on a project known as the Jeffrey Energy Center, Flue Gas Desulfurization Rebuild Project, Foundation and Civil Work, Westar Energy Contract No. 649360, located in Topeka, Kansas ("Project").

3.    In connection with and in consideration of Travelers' issuance of surety bonds on behalf of Young Construction, Travelers required Young Construction, the Counter-Plaintiffs,

8

and other individuals to sign and execute an Indemnity Agreement, a copy of which is attached to Travelers' Complaint in this matter as Exhibit A.

4.    Travelers initiated the instant litigation seeking, *inter alia*, damages from the Counter-Plaintiffs, among others, for their failure to indemnify and hold Travelers harmless from damages in connection with Young Construction's default on the Project.

5.    The Counter-Plaintiffs have filed their Amended Counterclaim admitting to their execution of the Indemnity Agreement but asserting, *inter alia*, that Dan Curran, as an agent of Travelers, fraudulently induced the Counter-Plaintiffs to execute the Indemnity Agreement.

6.    Dan Curran is a party to a written Agency Agreement with Travelers which specifically sets forth the scope of Dan Curran's authority as an agent of Travelers.

## AFFIRMATIVE DEFENSES

7.    The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the information furnished by Dan Curran or any other agent of Travelers was accurate and/or not misleading.

8.    The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the Counter-Plaintiffs did not rely on the information furnished to them by Dan Curran or any other agent of Travelers.

9.    The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that Dan Curran or any other agent of Travelers did not make any inaccurate or misleading statements of fact to the Counter-Plaintiffs.

10.    The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the Counter-Plaintiffs did not suffer actual damage as a result of the incorrect communication, if any.

9

11.     The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the information furnished to the Counter-Plaintiffs, if any, by Dan Curran or any other agent of Travelers was stated as a matter of opinion and not a matter of fact.

12.     The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that Dan Curran or any other agent of Travelers was acting outside the scope of its authority as an agent of Travelers by making any representation concerning the financial viability of Young Construction.

13.     The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the fraudulent statements, if any, were communicated to the Counter-Plaintiffs by an individual or entity which is not an agent of Travelers.

14.     The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that Dan Curran or any other agent of Travelers who communicated information to the Counter-Plaintiffs, if any, lacked actual knowledge that the information was inaccurate.

15.     The Counter-Plaintiffs' Amended Counterclaim against Travelers should be dismissed to the extent that the Counter-Plaintiffs' damages were proximately caused by their

6321332v1 887360

own failure to perform due diligence concerning the accuracy of the representations, if any.

Respectfully submitted,

**TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA**

By: /s/ Albert L. Chollet, III
       One of its Attorneys

James M. Allen
Hinshaw & Culbertson LLP
100 Park Avenue, P.O. Box 1389
Rockford, IL 61105
Telephone:    815-490-4900
Facsimile:    815-490-4901
jallen@hinshawlaw.com

John E. Sebastian
Albert L. Chollet III
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone:312-704-3000
Facsimile: 312-704-3001
jsebastian@hinshawlaw.com
achollet@hinshawlaw.com

6321332v1 887360