UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 8-CV-50008 ) ) |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) ) |
| JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, | ) ) ) |
| Counter-Plaintiffs/Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Counter-Defendant, | ) ) |
| and | ) ) |
| TRISSEL, GRAHAM AND TOOLE, INC., a corporation, DANIEL CURRAN, and ROGER A. COLMARK, | ) ) ) |
| Third-Party Defendants. | ) |

## SECOND AMENDED COUNTERCLAIM

NOW COME the Counter-Plaintiffs, JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK, by RENO & ZAHM LLP, by Robert A.

Fredrickson and Jack D. Ward, and for their Second Amended Counterclaim, state as follows:

1. That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

2. That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter referred to as "TRAVELERS"), is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC (hereinafter referred to as "Young Construction") and specifically the Westar project related thereto.

3. That the Third Party Defendant, TRISSEL, is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for TRAVELERS relative to all aspects of the procurement and issuance of the TRAVELERS surety bond on the Westar/Young Construction project.

4. That CURRAN was an agent and employee of TRISSEL and as such functioned as the contact agent and broker relative to procurement from TRAVELERS of the Young Construction surety bond, and in so doing, CURRAN was the agent for TRISSEL relative to all TRAVELERS requirements, including indemnities, obtained from

Vander Bleek and Wells as part of the surety bonding transaction involving Young Construction on the Westar project.

5. That the Third Party Defendant, COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction.

6. That the Defendant, SAUK VALLEY, is a state bank having offices in Sterling, Illinois.

7. That attached hereto as Exhibits 1 and 1A are a reviewed statement furnished by COLMARK and letter representation by COLMARK furnished to CURRAN on or about May 2, 2007.

8. That attached hereto as Exhibits 2 and 2A is a reviewed statement and letter representation furnished by COLMARK to CURRAN on May 3 or 4, 2007.

9. That COLMARK offered accounting opinions as to the reliability of a certain statement (second reviewed statement, Exhibit 2) reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in substantial changes of the represented net worth of Young Construction from $708,000 to a negative insolvent position.

10. That the second reviewed statement (Exhibit 2) falsely represented SAUK VALLEY's loan position as to Young Construction by only showing a $366,972 loan secured by inventory and receivables and a long term loan of $234,930 secured by real estate, with the Young Construction equipment, building and improvements, net of depreciation of $1,611,208 and construction project account receivables at $690,895.

11.　　That during May, 2007 as specifically described on May 23, 2007, SAUK VALLEY's loans to the Young Construction individuals and entities as set out in Exhibit 3 attached hereto totaled in excess of $5.4 million.

12.　　That CURRAN was aware of the details of the Vander Bleek/Wells financing transaction to Young Construction as COLMARK had faxed to CURRAN with the reviewed statement a two page outline (Exhibit 4 attached) of said financing transaction.

13.　　That said second reviewed statement was specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to Young Construction of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of CURRAN to rely and therefore indemnify TRAVELERS relative to a certain surety bond that TRAVELERS issued on the Westar/Young Construction contract.

14.　　That the representations in the second reviewed statement were false and incorrect and showed a difference in net worth and income between the first and second reviewed statement during the one day interval as follows:

| Reviewed Statement | Net worth | Net income |
|---|---|---|
| First (May 2, 2007) | ($67,285) | $338,850 |
| Second (May 4, 2007) | $708,545 | $471,621 |

15. That in addition to the representations in the second reviewed statement being false, CURRAN knew that COLMARK had changed the numbers so that the net worth number would be in the range necessary for TRAVELERS to consider underwriting a surety bond in the amount needed for the Young Construction Westar project.

16. That CURRAN also knew or should have known that the second reviewed statement was false in that:

    (a) He knew that showing Young Construction financials on a non-consolidated basis (excluding other Young Construction entities) misrepresented the serious financial problems of Young Construction;

    (b) He knew that COLMARK had changed the net worth and income numbers substantially between the first and second reviewed statements;

    (c) He knew or should have known that Young Construction did not own the real estate shown as an asset on the second reviewed statement;

    (d) He knew or should have known that Young Construction had substantial loans from SAUK VALLEY that were not shown as liabilities on the reviewed statement; and

    (e) He knew the true Young Construction financials did not support a surety bond under TRAVELERS underwriting standards; and that Young Construction would have to cease operations if Young Construction did not receive private loans from Wells and Vander Bleek and obtain bonding on the Westar project.

17. That at all times material hereto CURRAN was the agent and employee of TRISSEL and was acting within the scope of said employment and agency. At said time CURRAN was also the agent for TRAVELERS acting within the scope of said agency with

regard to procuring the indemnity agreement and the surety bond relative thereto. That information from TRAVELERS concerning said surety bond transaction was communicated to Vander Bleek and Wells through CURRAN, and all information from Vander Bleek and Wells to TRAVELERS was communicated to CURRAN for transmittal to TRAVELERS.

18. That at that time Vander Bleek and Wells were lending money, subordinating their secured position, and entering into an indemnity agreement (May, 2007), CURRAN knew that the Young Construction financial records would not support any surety bond on a consolidated basis. CURRAN suggested to COLMARK to come up with a statement that would support a bond for the Westar project.

19. That CURRAN, knowing Vander Bleek and Wells were relying on the second reviewed statement for the financing transaction including indemnity agreement and that Vander Bleek and Wells did not know that the income and net worth representations were false, failed to disclose either the first reviewed statement or his knowledge as to the misrepresentations contained in the second reviewed statement because said disclosure would have caused Vander Bleek and Wells to not proceed with the financing transaction or indemnity agreement.

20. That Vander Bleek and Wells relied on the second reviewed statement with respect to the financing transaction with Young Construction and the indemnity agreement, and the misrepresentations in the second reviewed statement were a proximate cause of the damages hereinafter alleged.

21. That Vander Bleek and Wells were damaged in that the $1 million loaned to Young Construction was lost, their security position in the Young Construction assets was

valueless, that a claim was made against TRAVELERS on the Westar surety bond, which TRAVELERS claims triggers a $1 million obligation by Vander Bleek and Wells under the surety indemnity agreement.

22.     That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to TRAVELERS and TRISSEL and based on Rule 14(a) supplemental jurisdiction as to CURRAN, COLMARK, and SAUK VALLEY inasmuch as said claims are part and parcel and arise out of the same factual nexus of the original claims asserted herein by TRAVELERS arising from the Vander Bleek/Wells financing transaction. The damages claimed herein reasonably occur as a result of the construction default by Young Construction, surety bond obligations of TRAVELERS by virtue of the Young Construction default and Vander Bleek/Wells surety indemnity, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young Construction non-performance of the Westar contract.

WHEREFORE, the Defendant/Third-Party Plaintiffs pray:

1.      That the Court enter an order granting judgment in favor of Luke Vander Bleek and Joseph Wells against TRAVELERS in the sum of $2,000,000 plus costs of suit;

2.      Alternatively, that the Court enter an order determining that the indemnity agreement is unenforceable as to the Counter-Plaintiffs and further awarding Counter-Plaintiffs $1,000,000 for their loan losses plus costs of suit;

3.      That the Court grant such further and other relief as is fair and equitable.

Dated this _____ day of July, 2008.

           JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK

           By: RENO & ZAHM LLP

           By: _____
              Robert A. Fredrickson

COUNTER-PLAINTIFFS
DEMAND TRIAL BY JURY

RENO & ZAHM LLP
BY: ROBERT A. FREDRICKSON, #00868469
   JACK D. WARD, #3125783
   MICHAEL J. SCHIRGER, #6290691
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050