**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff / Counter-Defendant | )<br>)<br>) |
| vs. | )<br>) |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, et al. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 8-CV-50008<br>) |
| Defendants / Counter-Plaintiffs and Third Party Plaintiffs | )<br>)<br>)<br>)<br>) |
| TRISSEL, GRAHAM AND TOOLE, INC., CURRAN, COLMARK and SAUK VALLEY BANK & TRUST COMPANY | )<br>)<br>)<br>) |
| Third-Party Plaintiffs | )<br>) |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER & AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIM**

Travelers Casualty and Surety Company of America ("Travelers"), by and through its undersigned counsel of the law firm Hinshaw & Culbertson LLP, submits its Answer & Affirmative Defenses to the Second Amended Counterclaim of Defendants/Counter-Plaintiffs Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek (collectively, "Counter-Plaintiffs").

    1.    That JOSEPH WELLS, TERRI WELLS, LUKE D. VANDER BLEEK, and JOAN L. VANDER BLEEK all reside within the United States District Court, Northern District of Illinois, Western Division, and are the individuals referred to as the

Defendants in case number 08-CV-50008, and are the signatories on the indemnity agreement referred to in said Complaint.

**ANSWER:** Travelers admits that Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek ("Counter-Plaintiffs") are signatories to the Indemnity Agreement referred to in Travelers' Complaint. Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph one and therefore denies those allegations therein.

2. That the Counter-Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter referred to as "TRAVELERS"), is a company that issued the surety bond in question and is the insurance company involved in the bonding, surety on the bond, and indemnity on the bond with regard to Young Construction and Paving, LLC (hereinafter referred to as "Young Construction") and specifically the Westar project related thereto.

**ANSWER:** In consideration for all indemnitors entering into the Indemnity Agreement, Travelers admits issuing a surety bond on behalf of Young Construction and Paving, LLC ("Young Construction") in connection with a Westar project located in Kansas. Travelers further answers that Young Construction is a party to the Indemnity Agreement referred to in Travelers' Complaint.

3. That the Third Party Defendant, TRISSEL, is a company having its principal place of business at 228 Emerson Place, Suite 200, Davenport, Iowa 52801, which agency was the authorized broker and agent for TRAVELERS relative to all aspects of the procurement and issuance of the TRAVELERS surety bond on the Westar/Young Construction project.

**ANSWER:** Travelers admits that Dan Curran, an employee of Trissel, Graham and Toole, Inc., was an authorized limited agent and broker for Travelers pursuant to an Agency Agreement. The Agency Agreement is a written document and is, itself, the best evidence of its contents and the scope of Dan Curran's limited agency on behalf of

Travelers. Travelers is without sufficient information to either admit or deny the remaining allegations in paragraph 3 and therefore denies all allegations therein.

4. That CURRAN was an agent and employee of TRISSEL and as such functioned as the contact agent and broker relative to procurement from TRAVELERS of the Young Construction surety bond, and in so doing, CURRAN was the agent for TRISSEL relative to all TRAVELERS requirements, including indemnities, obtained from Vander Bleek and Wells as part of the surety bonding transaction involving Young Construction on the Westar project.

**ANSWER:** Travelers admits that Dan Curran, an employee of Trissel, Graham and Toole, Inc., was an authorized limited agent and broker for Travelers pursuant to an Agency Agreement. The Agency Agreement is a written document and is, itself, the best evidence of its contents and the scope of Dan Curran's limited agency on behalf of Travelers. Travelers denies the remaining allegations in this paragraph.

5. That the Third Party Defendant, COLMARK, is a private certified public accountant performing accounting services in the City of Sterling, State of Illinois, and specifically with regard to Young Construction.

**ANSWER:** Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph five, and therefore denies those allegations.

6. That the Defendant, SAUK VALLEY, is a state bank having offices in Sterling, Illinois.

**ANSWER:** Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph six, and therefore denies those allegations.

7. That attached hereto as Exhibits 1 and 1A are a reviewed statement furnished by COLMARK and letter representation by COLMARK furnished to CURRAN on or about May 2, 2007.

**ANSWER:** Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph seven, and therefore denies those allegations. The

Exhibits referenced in paragraph seven were not filed with the Counterclaim. Accordingly, Travelers is unable to answer with respect to these documents.

8. That attached hereto as Exhibits 2 and 2A is a reviewed statement and letter representation furnished by COLMARK to CURRAN on May 3 or 4, 2007.

**ANSWER:** Travelers is without sufficient knowledge to admit or deny the remaining allegations in paragraph eight, and therefore denies those allegations. The Exhibits referenced in paragraph eight were not filed with the Counterclaim. Accordingly, Travelers is unable to answer with respect to these documents.

9. That COLMARK offered accounting opinions as to the reliability of a certain statement (second reviewed statement, Exhibit 2) reviewed by him of Young Construction which contained material errors and omissions that if disclosed would have resulted in substantial changes of the represented net worth of Young Construction from $708,000 to a negative insolvent position.

**ANSWER:** Travelers denies the allegations in this paragraph.

10. That the second reviewed statement (Exhibit 2) falsely represented SAUK VALLEY's loan position as to Young Construction by only showing a $366.972 loan secured by inventory and receivables and a long term loan of $234,930 secured by real estate, with the Young Construction equipment, building and improvements, net of depreciation of $1,611,208 and construction project account receivables at $690,895.

**ANSWER:** Travelers denies the allegations in this paragraph.

11. That during May, 2007 as specifically described on May 23, 2007, SAUK VALLEY's loans to the Young Construction individuals and entities as set out in Exhibit 3 attached hereto totaled in excess of $5.4 million.

**ANSWER:** Travelers is without sufficient knowledge to admit or deny the allegations in paragraph eleven and therefore denies those allegations therein. The Exhibits referenced in paragraph eleven were not filed with the Counterclaim. Accordingly, Travelers is unable to answer with respect to these documents.

4

12.     That CURRAN was aware of the details of the Vander Bleek/Wells financing transaction to Young Construction as COLMARK had faxed to CURRAN with the reviewed statement a two page outline (Exhibit 4 attached) of said financing transaction.

**ANSWER:**   Travelers is without sufficient knowledge to admit or deny the allegations in paragraph twelve, and therefore denies those allegations. The Exhibits referenced in paragraph twelve were not filed with the Counterclaim. Accordingly, Travelers is unable to answer with respect to these documents.

13.     That said second reviewed statement was specifically presented to induce the reliance of both Luke Vander Bleek and Joseph Wells to procure loans from Luke Vander Bleek and Joseph Wells to Young Construction of $800,000, for Luke Vander Bleek and Joseph Wells to subordinate their collateral position on loans, including an additional $200,000 loaned by Luke Vander Bleek prior to the presentment of the reviewed statement and further to induce Luke Vander Bleek and Joseph Wells and their respective spouses with the knowledge of CURRAN to rely and therefore indemnify TRAVELERS relative to a certain surety bond that TRAVELERS issued on the Westar/Young Construction contract.

**ANSWER:**   Travelers denies the allegations in this paragraph.

14.     That the representations in the second reviewed statement were false and incorrect and showed a difference in net worth and income between the first and second reviewed statement during the one day interval as follows:

| Reviewed Statement | Net worth | Net income |
|---|---|---|
| First (May 2, 2007) | ($67,285) | $338,850 |
| Second (May 4, 2007) | $708,545 | $471,621 |

**ANSWER:**   Travelers denies the allegations in this paragraph.

15.     That in addition to the representations in the second reviewed statement being false, CURRAN knew that COLMARK had changed the numbers so that the net worth number would be in the range necessary for TRAVELERS to consider underwriting a surety bond in the amount needed for the Young Construction Westar project.

5

**ANSWER:**　Travelers denies the allegations in this paragraph..

16.　That CURRAN also knew or should have known that the second reviewed statement was false in that:

(a)　He knew that showing Young Construction financials on a non-consolidated basis (excluding other Young Construction entities) misrepresented the serious financial problems of Young Construction;

(b)　He knew that COLMARK had changed the net worth and income numbers substantially between the first and second reviewed statements;

(c)　He knew or should have known that Young Construction did not own the real estate shown as an asset on the second reviewed statement;

(d)　He knew or should have known that Young Construction had substantial loans from SAUK VALLEY that were not shown as liabilities on the reviewed statement; and

(e)　He knew the true Young Construction financials did not support a surety bond under TRAVELERS underwriting standards; and that Young Construction would have to cease operations if Young Construction did not receive private loans from Wells and Vander Bleek and obtain bonding on the Westar project.

**ANSWER:**　Travelers denies the allegations in this paragraph.

17.　That at all times material hereto CURRAN was the agent and employee of TRISSEL and was acting within the scope of said employment and agency. At said time CURRAN was also the agent for TRAVELERS acting within the scope of said agency with regard to procuring the indemnity agreement and the surety bond relative thereto. That information from TRAVELERS concerning said surety bond transaction was communicated to Vander Bleek and Wells through CURRAN, and all information from Vander Bleek and Wells to TRAVELERS was communicated to CURRAN for transmittal to TRAVELERS.

**ANSWER:**　As to the allegations in this paragraph regarding Curran's alleged agent / employee status, Travelers adopts its response to paragraph 4. Stating further, no false statement by Curran to Counter-Plaintiffs – and Travelers denies that Curran

6

made any such statement – was or would be within the scope of Curran's limited agency relationship with Travelers.  As to the remaining allegations in this paragraph, Counter-Plaintiffs have not described and/or identified the information or records they contend Curran sent to Travelers and so Travelers lacks knowledge and information sufficient to admit or deny these allegations.

18.    That at that time Vander Bleek and Wells were lending money, subordinating their secured position, and entering into an indemnity agreement (May, 2007), CURRAN knew that the Young Construction financial records would not support any surety bond on a consolidated basis. CURRAN suggested to COLMARK to come up with a statement that would support a bond for the Westar project.

**ANSWER:**    Travelers denies the allegations in this paragraph.

19.    That CURRAN, knowing Vander Bleek and Wells were relying on the second reviewed statement for the financing transaction including indemnity agreement and that Vander Bleek and Wells did not know that the income and net worth representations were false, failed to disclose either the first reviewed statement or his knowledge as to the misrepresentations contained in the second reviewed statement because said disclosure would have caused Vander Bleek and Wells to not proceed with the financing transaction or indemnity agreement.

**ANSWER:**    Travelers denies the allegations in this paragraph.

20.    That Vander Bleek and Wells relied on the second reviewed statement with respect to the financing transaction with Young Construction and the indemnity agreement, and the misrepresentations in the second reviewed statement were a proximate cause of the damages hereinafter alleged.

**ANSWER:**    Travelers denies the allegations in this paragraph.

21.    That Vander Bleek and Wells were damaged in that the $1 million loaned to Young Construction was lost, their security position in the Young Construction assets was valueless, that a claim was made against TRAVELERS on the Westar surety bond, which TRAVELERS claims triggers a $1 million obligation by Vander Bleek and Wells under the surety indemnity agreement.

**ANSWER:**    Travelers admits that the Vander Bleeks and Wells are obligated to indemnify Travelers in accordance with the Indemnity Agreement.  Travelers denies

that Counter-Plaintiffs' obligation to perform pursuant to the terms of the Indemnity Agreement constitutes "damages" to Counter-Plaintiffs.

22. That jurisdiction on the Counterclaim/Third Party Claim is based on diversity with regard to TRAVELERS and TRISSEL and based on Rule 14(a) supplemental jurisdiction as to CURRAN, COLMARK, and SAUK VALLEY inasmuch as said claims are part and parcel and arise out of the same factual nexus of the original claims asserted herein by TRAVELERS arising from the Vander Bleek/Wells financing transaction. The damages claimed herein reasonably occur as a result of the construction default by Young Construction, surety bond obligations of TRAVELERS by virtue of the Young Construction default and Vander Bleek/Wells surety indemnity, and/or the additional sums lost from the loan transactions and subordination of security suffered by Vander Bleek and Wells as a result of the Young Construction non-performance of the Westar contract.

**ANSWER:** Travelers does not contest jurisdiction as to it.

WHEREFORE, Counter-Defendant Travelers Insurance Company of America respectfully prays this Honorable Court enter an Order dismissing, with prejudice, the Second Amended Counterclaim of the Counter-Plaintiffs Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek against Travelers, awarding Travelers its costs, fees and expenses incurred in defending these claims.

**AFFIRMATIVE DEFENSES**

Travelers Insurance Company of America ("Travelers") asserts its Affirmative Defenses in response to the allegations set forth in the Second Amended Counterclaim of the Counter-Plaintiffs Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek ("Counter-Plaintiffs") as follows:

I.  FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

1. Travelers is a Connecticut corporation in the business of issuing surety bonds on behalf of contractors for the performance of construction contracts.

2. Travelers issued a surety bond on behalf of Young Construction & Paving LLC ("Young Construction") in connection with Young Construction's construction contract with Westar Energy, Inc. ("Westar") for the performance of construction services on a project known as the Jeffrey Energy Center, Flue Gas Desulfurization Rebuild Project, Foundation and Civil Work, Westar Energy Contract No. 649360, located in Topeka, Kansas ("Project").

3. In connection with and in consideration of Travelers' issuance of surety bonds on behalf of Young Construction, Travelers required Young Construction, the Counter-Plaintiffs, and other individuals to sign and execute an Indemnity Agreement, a copy of which is attached to Travelers' Complaint in this matter as Exhibit A.

4. Travelers initiated the instant litigation seeking, *inter alia*, damages from the Counter-Plaintiffs, among others, for their failure to indemnify and

hold Travelers harmless from damages in connection with Young Construction's default on the Project.

5. The Counter-Plaintiffs have filed their Second Amended Counterclaim admitting to their execution of the Indemnity Agreement but asserting, *inter alia*, that Dan Curran, as an agent of Travelers, fraudulently induced the Counter-Plaintiffs to execute the Indemnity Agreement. Travelers denies Counter-Plaintiffs' allegations of fraud.

6. Dan Curran is a party to a written Agency Agreement with Travelers which specifically sets forth the limited scope of Dan Curran's authority as an agent of Travelers.

7. Counter-Plaintiffs did not engage Curran and/or Colmark to advise them on any matters, including but not limited to Counter-Plaintiffs' decisions to execute the Indemnity Agreement or enter into transaction(s) with Young Construction. Curran and Colmark did not advise or perform services for Counter-Plaintiffs in connection with Counter-Plaintiffs' decisions to execute the Indemnity Agreement or enter into transaction(s) with Young Construction.

## II. AFFIRMATIVE DEFENSES

8. *False statements outside the scope of Curran's limited agency.* Travelers denies that Curran made any false statement of fact to any of the Counter-Plaintiffs. This affirmative defense is raised and pled in the alternative. To the extent any of the Counter-Plaintiffs can prove that Curran made a false

statement of material fact, any such statement would not have been within the scope of Curran's limited agency.

9. *Waiver.* Counter-Plaintiffs' claims are barred by the doctrine of waiver.

10. *Privity.* Counter-Plaintiffs' claims are barred for lack of privity and pursuant to 225 ILCS 450/30.1.

11. *Comparative fault.* Counter-Plaintiffs' fault is the cause of the damages claimed. To the extent Counter-Plaintiffs' fault is more than 50% the cause of the damages claimed, Counter-Plaintiffs are barred from any recovery. To the extent Counter-Plaintiffs' fault is 50% less the cause of the damages claimed, Counter-Plaintiffs' damages should be reduced by its percentage of fault.

12. *Failure to mitigate damages.* Counter-Plaintiffs' claims are barred in whole or part by their failure to mitigate their damages.

13. *Economic loss doctrine.* Counter-Plaintiffs' claims are barred by the economic loss doctrine.

        Respectfully submitted.

        **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

        By: /s/ Barry F. Mac Entee        .
            One of its Attorneys

<div style="display: flex;">

James M. Allen  
Hinshaw & Culbertson LLP  
100 Park Avenue, P.O. Box 1389  
Rockford, Illinois 61105  
Telephone: 815-490-4900  
Facsimile: 815-490-4901  
jallen@hinshawlaw.com

John E. Sebastian  
Barry F. Mac Entee  
Albert L. Chollet III  
Hinshaw & Culbertson LLP  
222 N. LaSalle, Suite 300  
Chicago, IL 60601  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
jsebastian@hinshawlaw.com  
bmacentee@hinshawlaw.com  
achollet@hinshawlaw.com

</div>

6349942v1 7791

## NOTICE OF FILING / CERTIFICATE OF SERVICE

      I, the undersigned, an attorney, state that on August 12, 2008, I electronically filed with the U.S. District Court for the Northern District of Illinois TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER & AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIM. All electronic filers will be notified by operation of ECF. All non-electronic filers, including pro se Roger Colmark, will be served via electronic mail and fax on August 13, 2008.

/s/Barry F. Mac Entee

*Attorney for Plaintiff/Counter-Defendant*
*Travelers Casualty and Surety Company*
*of America*

6349942v1 7791

| | |
|---|---|
| **Jack D. Ward** (e-filer)<br>Reno & Zahm, LLP<br>2902 McFarland Road<br>Suite 400<br>Rockford, IL 61107<br>(815) 987-4050<br>**Fax (815) 987-4092**<br>Email: jdw@renozahm.com<br><br>**Robert A. Fredrickson** (e-filer)<br>Reno & Zahm, LLP<br>2902 McFarland Road<br>Suite 400<br>Rockford, IL 61107<br>(815) 987-4050<br>**Fax (815) 987-4092**<br>Email: raf@renozahm.com<br><br>*Attorneys for Defendants/Counter-Plaintiffs Joseph and Terri Wells and Luke and Joan Vander Bleek* | **Anthony J. Tunney** (e-filer)<br>Helper Broom, LLC<br>150 North Wacker Drive<br>Suite 3100<br>Chicago, IL 60606<br>Tel. (312) 230-9100<br>**Fax (312) 230-9201**<br>Email: tony.tunney@heplerbroom.com<br><br>*Attorney for Third-Party Defendants Dan Curran and Trissel, Graham and Toole, Inc.* |
| **Stephen G. Balsley**<br>**Richard K. Van Evera** (e-filers)<br>Barrick, Switzer, Long, Balsley & Van Evera<br>6833 Stalter Drive<br>Rockford, IL 61108<br>(815) 962-6611<br>**Fax (815) 962-0687**<br>Email: sbalsley@bslbv.com<br>Email: rvanevera@bslbv.com<br><br>*Attorneys for Young Defendants* | **Roger Colmark** (non e-filer)<br>210 E 3rd Street<br>PO Box 595<br>Sterling, IL 61081<br>(815) 626-8600<br>Fax (815) 626-9268<br>colmark@essex1.com<br><br>*Pro Se* |