UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, Counter-Defendant | ) |
| vs. | )<br>) |
| YOUNG CONSTRUCTION & PAVING, LLC; KAREN B. YOUNG; GORDON T. YOUNG; JEFFREY D. YOUNG; MONICA L. YOUNG; JOSEPH WELLS; TERRI WELLS; LUKE D. VANDER BLEEK; and JOAN L. VANDER BLEEK, et al. | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs | )<br>) |
| TRISSEL, GRAHAM AND TOOLE, INC., CURRAN, COLMARK and SAUK VALLEY BANK & TRUST COMPANY | ) Case No.: 8-CV-50008<br>) |
| Third-Party Defendants | ) |
| and | ) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>) |
| Cross-Claimant | ) |
| vs. | ) |
| TRISSEL, GRAHAM AND TOOLE, INC., and DANIEL CURRAN | )<br>) |
| Third-Party Defendants, Cross-Defendants | ) |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S CROSSCLAIM**

Travelers Casualty and Surety Company of America, by and through its counsel John E. Sebastian, James M. Allen, Barry F. Mac Entee, and Albert L. Chollet III of the law firm Hinshaw & Culbertson LLP, pursuant to Rule 13 of the Federal Rules of Civil Procedure,

1

6356214v1 7791

submits its Crossclaim against Third-Party Defendant Trissel, Graham and Toole, Inc. and Third-Party Defendant Daniel Curran as follows:

## PARTIES

1. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Trissel, Graham & Toole, Inc. ("TGT") is an Iowa corporation maintaining its principal place of business at 220 Emerson Place, Suite 200, Davenport, Iowa 52801.

3. Daniel Curran ("Curran") is an Iowa citizen and was, at all times relevant hereto, an agent and employee of TGT.

## JURISDICTION

4. This Crossclaim is asserted pursuant to Rule 13(g) of the Federal Rules of Civil Procedure in that the claim arises out of the transaction or occurrence that is the subject matter of the Counterclaim asserted by Defendants Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek against Plaintiff Travelers.

5. This Court has independent jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

## FACTS APPLICABLE TO ALL COUNTS

6. Young Construction & Paving LLC ("Young") entered into a construction contract with Westar Energy, Inc. ("Westar") for the performance of construction services on a project known as the Jeffrey Energy Center, Flue Gas Desulphurization Rebuild Project, Foundation and Civil Work, Westar Energy Contract No. 649360, located in Topeka, Kansas ("Project").

2

7. In connection with the Project, Young was required to obtain and provide payment and performance surety bonds to guarantee Young's performance and payment obligations under the contract, subject to the terms of the bond, the contract, and the law.

8. At Young's request, TGT and Curran acted as broker on Young's behalf to procure the necessary surety bonds for the Project.

9. At all times relevant hereto, TGT was a party to an Agency Contract with Travelers. A copy of the Agency Contract is attached hereto as Exhibit A, the terms of which are incorporated as though set forth fully herein.

10. At all times relevant hereto, Curran was an employee and agent of TGT.

11. Subject to the terms of the Agency Contract, TGT is authorized to solicit applications, bind and execute surety bonds on behalf of Travelers.

12. Under the terms of the Agency Contract, TGT's authority is expressly subject to Travelers' underwriting standards and rules for the issuance of surety bonds.

13. Under the terms of the Agency Contract, TGT's relationship to Travelers is that of an independent contractor.

14. In pertinent part, the Agency Contract contains the following provision, establishing TGT's responsibilities for complying with state and federal law as well as Travelers' underwriting policies, procedures and regulations:

> You will comply with all instructions, company policies, procedures, processes and underwriting rules and guidelines that we communicate to you from time to time. You will also comply with all applicable local, state or federal laws or regulations, including, but not limited to privacy, anti-terrorism and those prohibiting discrimination . . . .

Exhibit A, Article II, ¶ 8.

15. The Agency Contract explicitly provides that TGT will indemnify and hold Travelers harmless from liability, civil and administrative, including attorneys' fees and costs of

6356214v1 7791

investigation and defense, which arise as a direct result of TGT's errors and omissions. In pertinent part, the Agency Contract provides as follows:

> You will indemnify and hold us harmless against all civil and administrative liability, including reasonable attorney's fees and reasonable costs of investigation and defense, arising as a direct result of your acts, errors or omissions except to the extent that we caused, contributed to, or compounded such act, error or omission.

Exhibit A, Article VII, ¶ 2.

16. At Young's request and as consideration for the execution of an Indemnity Agreement by the Defendants ("Indemnity Agreement"), Travelers issued a payment and performance bond number 104854329 ("Bond") to Westar, as obligee, on behalf of Young, as principal, for the Project in the penal sum of $6,696,974.00.

17. Young subsequently defaulted on the Project, implicating certain liability for Travelers on the performance and payment Bond issued on behalf of Young.

18. Despite demands by Travelers for indemnification in accordance with the Indemnity Agreement executed by the Defendants, Travelers has not been indemnified by the Defendants for the losses it encountered as a result of Young's default on the Project and the Defendants' collective default under the Indemnity Agreement.

19. On January 10, 2008, Travelers initiated the instant action against the Defendants seeking, *inter alia*, damages from the Defendants in excess of $600,000.00, plus costs, attorneys' fees, expenses and interest, for breach of the Indemnity Agreement. Travelers' Complaint and the Exhibits thereto are incorporated by reference and may be found at Document 1 in this Court's ECF Docket System.

20. On February 15, 2008, Defendants Joseph Wells, Terri Wells, Luke Vander Bleek and Joan Vander Bleek (collectively, "Counterclaimants"), filed their Answer and Counterclaim

against Travelers. The Counterclaimants' Counterclaim may be found at Document 39 in this Court's ECF Docket System.

21.     Subsequently, on May 7, 2008, the Counterclaimants filed an Amended Counterclaim against Travelers asserting, *inter alia*, that Curran, as an agent of Travelers, made material misrepresentations to the Counterclaimants in obtaining their execution of the Indemnity Agreement with the intention of misleading the Counterclaimants. The Amended Counterclaim may be found at Document 66 in this Court's ECF Docket System. The Counterclaimants primarily seek: (1) damages from Travelers in an amount exceeding $2 million plus the costs of the suit; and (2) a declaration of the Court that the Indemnity Agreement is void and unenforceable.

22.     On June 4, 2008, Travelers filed an Answer to the Amended Counterclaim, denying all allegations of misrepresentation and fraud and denying that the Counterclaimants were entitled to recover any damages under the theories asserted in the Counterclaim. Travelers' Answer to the Amended Counterclaim may be found at Document 71 in this Court's ECF Docket System.

23.     By letter dated June 24, 2008, Travelers issued a demand to TGT, pursuant to Article VII(2) of the Agency Contract, for indemnification from any and all liability that Travelers may incur in connection with the Counterclaim to the extent that such liability is caused by or the result of TGT's and/or Curran's acts, errors or omissions. A copy of the indemnity demand is attached hereto as Exhibit B.

24.     Travelers has incurred expenses and costs in connection with its defense of the allegations asserted in the Counterclaim.

5

25. To date, TGT has not indemnified Travelers for its expenses and costs incurred in defense of the Counterclaim.

### COUNT ONE—INDEMNITY PURSUANT TO CONTRACT

26. Travelers incorporates the allegations set forth in Paragraphs one through twenty-five above as though set forth fully herein.

27. Pursuant to the Agency Contract, to the extent that Travelers suffers any damage and/or liability as a result of the alleged errors and omissions of TGT and Curran, TGT must indemnify and hold Travelers harmless from any and all liability, expense, costs and fees Travelers incurs as a direct result of TGT and/or Curran's acts or omissions.

28. Travelers has incurred expenses, costs and fees in investigating and responding to the allegations in the Counterclaim concerning the purported acts and/or omissions of TGT and Curran.

29. Travelers has notified TGT and Curran of the Counterclaimants' allegations and the Counterclaim against Travelers.

30. As of the date of the filing of this Crossclaim, neither TGT nor Curran have indemnified Travelers against all potential liability, expense, cost or fees.

WHEREFORE, Travelers Casualty and Surety Company of America requests this Honorable Court enter Judgment against Trissel, Graham and Toole, Inc. and Daniel Curran to the extent of Travelers' liability, expense, costs and fees, if any, found to exist under the Counterclaim asserted by Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek.

### COUNT TWO—IMPLIED INDEMNITY

31. Travelers incorporates the allegations set forth in Paragraphs one through twenty-five above as though set forth fully herein.

6

6356214v1 7791

32. The Counterclaimants allege that Travelers is liable for the acts and/or omissions of TGT and Dan Curran.

33. The Counterclaimants do not allege that Travelers itself made the allegedly false representations which purportedly form the basis of the Counterclaimants' allegations of fraud and misrepresentation.

34. Travelers did not contribute to the acts or omissions alleged to have been committed by TGT and Dan Curran.

35. To the extent that Travelers may be held vicariously liable for the negligence or intentional misconduct of TGT or Dan Curran, if any, Travelers is entitled to be indemnified from all liability, loss, cost and expense by TGT and Dan Curran as the parties culpable for the Counterclaimants' injury.

WHEREFORE, Travelers Casualty and Surety Company of America requests this Honorable Court enter Judgment against Trissel, Graham and Toole, Inc. and Daniel Curran to the extent of Travelers' liability, expense, costs and fees, if any, found to exist under the Counterclaim asserted by Joseph Wells, Terri Wells, Luke D. Vander Bleek, and Joan L. Vander Bleek.

Respectfully submitted,

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

By: /s/ John E. Sebastian           .
      One of its Attorneys

6356214v1 7791

| | |
|---|---|
| James M. Allen<br>Hinshaw & Culbertson LLP<br>100 Park Avenue, P.O. Box 1389<br>Rockford, Illinois 61105<br>Telephone: 815-490-4900<br>Facsimile: 815-490-4901<br>jallen@hinshawlaw.com | John E. Sebastian<br>Barry F. Mac Entee<br>Albert L. Chollet III<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle, Suite 300<br>Chicago, IL 60601<br>Telephone: 312-704-3000<br>Facsimile: 312-704-3001<br>jsebastian@hinshawlaw.com<br>bmacentee@hinshawlaw.com<br>achollet@hinshawlaw.com |

6356214v1 7791

## NOTICE OF FILING / CERTIFICATE OF SERVICE

I, the undersigned, an attorney, state that on September 3, 2008, I electronically filed with the U.S. District Court for the Northern District of Illinois TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S CROSSCLAIM. All electronic filers will be notified by operation of ECF. All non-electronic filers, including pro se Roger Colmark, will be served via fax on September 3, 2008.

/s/John E. Sebastian        .

*Attorney for Plaintiff/Counter-Defendant*
*Travelers Casualty and Surety Company*
*of America*